# WHEELING.

## LOWTHER *v.* LOWTHER.

Submitted June 7, 1887.—Decided June 29, 1887.

1. GIFT—DELIVERY—POSSESSION.

Where a father gave his daughter, residing with him, and who
continued to reside with him as long as he lived, a colt, of which
she had possession only at their residence, and which eight or nine
years afterwards she exchanged for a mare, which she kept on

her father's farm as long as he lived, such mare is the property of the daughter.

2. GIFT—SALE.

Where a father permits his child, residing with him, to make sale of personal property, which he has given him while so residing with him, of which he has had possession only at their residence, and to invest said gift, or the proceeds of the sale thereof, in other personal property in the name and for the use of such child, the property in which such proceeds are invested is the property of the child.

This was an action of detinue, commenced by Telitha V. Lowther against Dexter Lowther, before a justice of the peace of Harrison county, for the recovery of a mare and colt, and damages for their detention, or for $250.00, the alternative value thereof. The case was tried and judgment rendered in favor of the plaintiff, for the mare and colt described in the summons, and the costs. From this judgment an appeal was allowed to the Circuit Court of said county, where, on the eleventh of May, 1882, the parties appeared, and the defendant pleaded *non detinet*, and issue was thereon joined. The cause was tried by a jury of six. After the plaintiff had introduced all her evidence, the defendant, without offering any, demurred to the evidence of the plaintiff, who joined in the demurrer, and thereupon the jury found for the plaintiff the mare, of the value of $100.00, and the colt, of the value of $35.00, and one cent damages for the detention thereof, subject to the law upon said demurrer to evidence. The court gave judgment in favor of the plaintiff for the mare, of the value of $100.00, and the colt, of the value of $35.00, and one cent damages for the detention thereof, if said mare and colt may be had, and, if not, then for the alternate values, with interest and costs. From this judgment the defendant obtained a writ of error, and assigned as error the action of the court in rendering judgment on said demurrer in favor of the plaintiff.

*John Bassel* for plaintiff in error.

*John J. Davis* for defendant in error.

WOODS, JUDGE:

The evidence in the demurrer tended to prove, that the

plaintiff, an unmarried daughter, had always lived with her father, a very old man, until his death, on the nineteenth June, 1882; that some time during the late war her father gave her a colt, which was raised and kept by her on her father's farm, until seven or eight years before his death, when she traded it to one Cunningham for the mare in controversy, which she also kept on said farm until after her father's death, when the defendant, who was her brother, about a month afterwards took the mare into his possession, and still detains her from the plaintiff; that during all the time she owned said mare, her father, when using her himself, or permitting others to do so, or in speaking of the mare to other persons, always recognized the mare as the property of the plaintiff; that at different times during the last eight years of his life he had stated to each of the five witnesses examined by the plaintiff that the mare belonged to her, and among them to said Cunningham, from whom she got the mare; that, so far as disclosed by the evidence, neither her father nor the defendant ever pretended to set up any claim of title to the mare, and that the colt which was less than a year old, was bred from the mare; and that the mare and colt were respectively of the values ascertained by the verdict of the jury. The sole ground, upon which the correctness of this judgment is questioned, is, that the mare was not the property of the plaintiff, because it had been purchased by her from said Cunningham with the colt which had been given to her during the late war by her father, of which she never had possession at any other place than on her father's farm, on which he and she resided together from the time he gave her the colt until his death. If this was a question between the father or his creditor or his personal representative claiming that the colt so given her during the war was still the property of the father, then, indeed, she might be prevented from successfully asserting title to the colt, under the gift from her father, by the last clause of section 1, ch. 71, Code, which declares, "If the donor and donee reside together at the time of the gift, possession at the place of their residence shall not be a sufficient possession within the meaning of this section." But the mare in controversy is not that colt, but a different animal purchased,

and it may be paid for by property which her father at that time, if so disposed, might have forbidden her to use for that purpose. After the lapse of so many years' acquiescence in the sale of this colt, it would be too late to reclaim the same, if still living, from Cunningham. To the mare in controversy neither the father in his lifetime, nor his personal representative since his death, has ever set up any claim of title. The defendant sets up no claim of title to this property, but rests his defense on the ground that the plaintiff has no title thereto. The plaintiff's father died on the nineteenth of June, 1882, and the property remained in her possession for about a month after his death, when the defendant took the mare from her without her consent. Her possession was sufficient title against the defendant, who was a mere wrongdoer. But the proposition contended for by the plaintiff in error can not be maintained, even if it be admitted that the mare was purchased by using the colt belonging to her father to pay for it, unless we are prepared to go so far as to hold that no child while living with his father can acquire title to personal property by the use of money or other thing of value advanced or given to him by his father. This right of the father to reclaim his gift to his child while living with him must be confined to the gift itself, and can not be followed in any other article of property in the purchase of which the proceeds of said gift may have been invested.

Applying to this demurrer the well-settled rule of law, that upon a demurrer to evidence the demurrant allows full credit to all the evidence of the demurree, and admits all facts directly proved by, or that a jury might fairly infer from it, there is no difficulty in reaching a correct conclusion. The defendant offered no evidence, and there is no conflict in that offered by the plaintiff. The property in controversy was purchased from a stranger seven or eight years before the death of her father, who until his death regarded and treated it as the property of the plaintiff, while using it himself, or permitting any other person to use it, during all of which time it was in her exclusive possession and control, as much as any property which she might acquire could be. A jury might fairly have inferred that the property was the property of the plaintiff; and if,

they had so found, their verdict would have been fully warranted by the evidence; and the court, upon the demurrer to evidence, being authorized to draw all such fair inferences as a jury might have done, was fully warranted in entering judgment thereon in favor of the demurree. *Allen* v. *Bartlett*, 20 W. Va. 46; *Peabody Ins. Co.* v. *Wilson* (W. Va.), 2 S. E. Rep. 888; *Miller* v. *Ins. Co.*, 8 W. Va. 515.

We are therefore of opinion that there is no error in the judgment of the Circuit Court of Harrison county, and the same is affirmed, with costs to the defendant in error, and damages according to law.

AFFIRMED.