# CHARLESTON.

EVANS, TRUSTEE, *v.* HIGGINS.

Submitted June 11, 1910.    Decided April 16, 1912.

HUSBAND AND WIFE—*Gift to Wife—Delivery.*
    In view of sec. 1, ch. 71, Code 1906, a wife acquires no title to personal property given to her by her husband, not evidenced by deed or will, possession whereof was delivered to her at their place of residence. Such gift is void, and the husband may reclaim the property.

Error to Circuit Court, Marshall County.

Action by D. B. Evans, trustee, against Fannie B. Higgins. Judgment for plaintiff, and defendant brings error.

*Affirmed and Remanded.*

*McCamic & Clarke,* for plaintiff in error.

WILLIAMS, JUDGE:

D. B. Evans, trustee, brought an action of detinue against Fannie B. Higgins to recover possession of a piano and certain household furniture which James Higgins, her husband, had conveyed to said trustee, after he separated from her. The jury found for defendant, and, on motion of plaintiff, the court set aside the verdict and granted a new trial. The writ of error goes to that interlocutory order, as provided by sec. 1, ch. 135, Code 1906.

Defendant surrendered possession of some of the property conveyed by the trust deed before suit, but claimed other portions as a gift from her husband. The husband denies that it was a gift. But the jury evidently believed the wife who testified that it was a gift. Hence, for the purpose of this review, we must accept that as a fact, because the jury so found on conflicting testimony of witnesses, and there is sufficient evidence to prove it.

The wife's testimony proves that some of the articles enumerated in the declaration were given to her by her husband before their marriage, and that others, including a piano, were given to her afterwards when she and her husband were living together in the same house, and that delivery of possession was at their place of residence. The rights of creditors, existing at the time of the gifts, are not involved.

The case, therefore, turns upon a proper construction of sec. 1, ch. 71, Code 1906, which reads in part as follows, viz: "and no gift of any goods or chattels shall be valid, unless by deed or will, or unless actual possession shall have come to and remained with the donee, or some person claiming under him. If the donor and donee reside together at the time of the gift, possession at the place of their residence shall not be a sufficient possession within the meaning of this section."

There was no writing evidencing the gift. It is seriously contended by counsel for defendant that the statute, above quoted does not apply to defeat the gift, by a solvent husband, of goods and chattels, made in good faith to his wife, notwithstanding donor and donee were residing together, and possession was delivered at the place of their residence. But is not the statute almost too plain to admit of such construction? It expressly says that, in order to make valid a gift of goods or chattels, the gift must be by deed or will, or if not by deed or will, then by actual delivery of the possession of the thing given to the donee, and adds a qualification to the delivery, which would seem to defeat the gift by one person to another, who reside together, if the possession be delivered at the place of their residence. The language of the statute is positive, plain and unambiguous. It says no such gift shall be valid, which evidently means that no title passes to the donee by delivery of possession

at the place of joint residence of donor and donee, unless evidenced by deed or will. Why the statute was enacted we need not stop to inquire, but it seems not to have been passed for the benefit of creditors alone. It would seem rather to be intended for the protection of distributees and personal representatives of decedents. But any person interested in the chattel alleged to have been given can claim the benefit of the statute. It would seem to permit either consort to rescind a gift and recover possession of the chattel, notwithstanding he, or she, should admit the gift, if delivery was made at their place of residence, and the gift was not evidenced by deed or will.

The act would apply with equal force to defeat the gift of a chattel by a wife to a husband, or by a father or mother to a child, provided the donor and donee were living together at the time the gift was made. It is a very old Virginia statute, and was copied bodily into the laws of West Virginia from that state. Originally, it applied only to a gift of slaves, but later on, when the code was revised in 1849, there was added, after the word "slaves," the words "or of any goods or chattels." At that time the last sentence, or clause, of the section was added. Our statute is the same, except that the words "of a slave or," are stricken out.

Counsel rely upon the case of *First National Bank of Richmond* v. *Holland,* 99 Va. 495, 39 S. E. 126. But that was the case of a gift by the husband to the wife of bank stock; and the court of Virginia construed the words, "goods and chattels" not to include bank stock, and held bank stock to be a chose. Thus the court held the statute not to apply in that case. But this Court has construed the words, "goods and chattels," used in this statute, to include "monies and every other kind of personal property, which may be the subject of a gift *inter vivos* or *causa mortis.*" *Dickeschied* v. *Bank,* 28 W. Va. 340. But there is no question that the property here sued for falls within the description "goods and chattels."

We need not inquire whether a husband could make a valid gift of a chattel to his wife at the common law, or not, for if he could, the statute in question has certainly determined the manner of making it.

In *Blankenship* v. *K. & M. Ry. Co.,* 43 W. Va. 140, cited by

counsel, the statute really had no application, because Blankenship, although under age, was permitted by his father to work away from home and to earn wages. With the proceeds of his labor he bought a horse which he brought home and traded to his father for a mule. He kept the mule on his father's place until it was killed by the railroad company. The mule was the animal for the loss of which he sued. It had not been given to him by his father, and, therefore, the statute could not apply to defeat his title.

In *Lowther* v. *Lowther,* 30 W. Va. 103, the statute did not apply for the same reason. In that case it appears that the father had given his daughter a colt which she traded for a mare, which she kept on her father's place. The mare, thus acquired, was not the chattel which had been given her, and the statute did not apply.

We do not think the court gave proper effect to the statute in *Good* v. *Good,* 39 W. Va. 357, a case relied on by counsel.

In relation to the piano and such other goods and chattels as were given to the wife after marriage, and while she and her husband were living together at the place where possession was delivered, the wife acquired no title, the gift not being by deed or will.

The judgment of the lower court will, therefore, be affirmed, and the case will be remanded.

*Affirmed and Remanded.*