## CHARLESTON.

GERTRUDE O. WITHROW *v.* H. H. WITHROW

(No. 6223)

Submitted September 18, 1928. Decided September 25, 1928.

92

*Thos. N. Read* and *Thos. L. Read,* for appellant.
*Wm. H. Sawyers,* for appellee.

MAXWELL, JUDGE:

In a decree granting the plaintiff a divorce *a mensa et thoro* from the defendant, alimony was allowed but the property rights of the parties were not settled. The court continued the cause for further proceedings to be had therein, and later the plaintiff filed in said suit a petition alleging that she was the owner of a Studebaker automobile, title to which was in her name; that she and her husband jointly purchased a Peerless sedan, and that she turned over to the vendor the Studebaker car, receiving a credit of $800.00 therefor on the

new car, and later paid in cash on the purchase price the sum of $95.00; that the remainder of the purchase price. $1,042.67, was assumed by the husband; that a certificate of title to the new car was issued by the state road commission in the names of "Mrs. & Mr. H. H. Withrow;" that after the divorce proceedings were instituted the defendant, fraudulently and falsely, and without her knowledge or consent, made application to and obtained from the commission a certificate of title to the Peerless car in his own name; that thereafter in order further to defraud her and prevent her from claiming her interest in the car, the defendant executed two deeds of trust on the same; and that he now claims to be the sole owner of the car. The prayer of her petition is that the deed of trust lienors and the defendant, H. H. Withrow, be made parties defendant thereto; that the petitioner be declared the owner of a one-half interest in said automobile; the said trusts be declared void; and that the said machine be sold and one-half of the proceeds be paid to her, and the other half be paid to H. H. Withrow or his creditors as may be determined by the court.

By his answer the defendant H. H. Withrow denies that plaintiff ever had any interest in either of the automobiles, but alleges that he purchased both cars and paid for them with his own money, and had a right to take the title in his own name, and to execute the deeds of trust mentioned in plaintiff's petition; and says "that while he and the plaintiff were living together as husband and wife, he bought property and put it in his and his wife's name, both, and sometimes in his wife's name, and that whatever was done in the matter of this car was done without the solicitation or request of the said Gertrude O. Withrow, and that she had no right or title in either of them."

The court overruled H. H. Withrow's demurrer to the petition, and referred the cause to a commissioner. On the hearing before the commissioner, the plaintiff produced and exhibited a certified copy of a conditional sales contract between the Beckley Hudson-Essex Company and H. H. Withrow and Mrs. Gertrude Withrow, for a Peerless sedan, signed by both plaintiff and defendant; a certificate of title for the

Peerless car in the names of "Mrs. & Mr. H. H. Withrow;" a transfer of title to the Studebaker car in her name, and a cancelled check issued by her on her personal account for one dollar in payment for the transfer. The defendant, H. H. Withrow, testified that he had the title to the Studebaker car transferred to plaintiff because "she was driving the car, and I thought it would be all right to have it in her name"; but he denies that he gave the car to her. He admits that the original title to the Peerless automobile was taken in their joint names, but denies that plaintiff ever had any interest in it. Defendant testified that after the institution of this proceeding, he traded the automobile in as part payment for an aeroplane. It also appeared that the certificate of title to the Peerless car in the husband's name was procured by him after the state road commission's records had been destroyed by fire.

The lien creditors did not answer the bill, nor appear before the commissioner to prove their claims against defendant H. H. Withrow, and have made no appearance in this court, though served with process.

On the pleadings and evidence the commissioner found that plaintiff had no interest in the Peerless car; that defendant gave her the Studebaker car which was traded in on the Peerless sedan at $800.00; but that under section 1 of Chapter 71 of the Code, gifts between husband and wife while living together under the same roof must be evidenced by deed or will to constitute a valid transfer of title.

The circuit court sustained the commissioner's report, overruling plaintiff's exceptions to the same, and decreed the Peerless car to be the sole property of the defendant H. H. Withrow, and further found that the Studebaker car was not in law and in fact the property of plaintiff, but was the property of the defendant. From this decree the plaintiff obtained the present appeal.

It is undoubtedly true that a wife acquires no legal title to personal property given to her by her husband, not evidenced by deed or will, when possession of such property is delivered to her at their place of residence and remains there. *Evans* v. *Higgins*, 70 W. Va. 640. But where the donor per-

mits the donee to retain the property as his own and to exchange it for other property, although the latter is kept at the donor's residence where both parties live, the property so traded for becomes vested in the donee. *Lowther* v. *Lowther*, 30 W. Va. 103. In the case last cited, a father gave his daughter a colt, which she later traded for a mare. At the time of the gift the daughter was living with the father, and continued to live with him until his death. Both the colt, until traded by the daughter to another person for the mare, and the mare thereafter, were kept on the father's farm where he and the daughter resided. It was held that the mare was the property of the daughter. In the opinion in that case it is said that the "right of the father to reclaim his gift to his child while living with him must be confined to the gift itself, and can not be followed in any other article of property in the purchase of which the proceeds of said gift may have been invested."

The subject of the present suit is the Peerless sedan only, but the court, following the report of the commissioner, made a finding that the Studebaker automobile was the property of the defendant, and on that finding of fact predicated the adjudication of which the plaintiff complains on this appeal. In view of this finding of the commissioner and court in regard to the Studebaker car, and the predication of the final decree thereon, it is evident that the ownership of that automobile was considered as the decisive factor in determining the ownership of the Peerless sedan. Under the foregoing authorities, such was error.

It appearing that the documentary evidence and the surrounding circumstances sustain the contention of the petitioner rather than the defendant with reference to the ownership of the Peerless sedan, we are of opinion that the circuit court should have entered a decree conformable to the prayer of the petition.

The decree complained of is therefore reversed, and the cause remanded for further proceedings in accordance herewith.

*Reversed and remanded.*