## CHARLESTON.

L. V. Philips *v.* W. R. Philips

(No. 6170)

Submitted September 16, 1928. Decided September 25, 1928.

106

*J. E. Summerfield,* for appellant.

*John Q. Hutchinson,* for appellee.

LIVELY, PRESIDENT:

In this divorce proceeding by Mrs. L. V. Philips against W. R. Philips, the trial court granted the complainant a divorce *a vinculo* on the ground of adultery; awarded her the custody of the minor children; ordered that the husband pay alimony of $30.00 per month; and under the authority of section 11, chapter 64, Code, decreed that the title to certain real property valued, according to the evidence, at $7,000.00, with a lien against a portion thereof, of $1627.51, should remain in the wife, and that she should deed her half interest in a lot described as lot 11, block 10, to her husband. This property was valued at about $10,000.00 with liens against it of $3900.00. The complainant excepted to the court's decree requiring her to make this conveyance.

The sole question presented on this appeal is whether the trial court could, under the authority of section 11, chapter 64, provide in a divorce proceeding for a division of real estate acquired by them during the marriage between the complainant and defendant.

As a general rule, a court cannot in a divorce action decree a division of property between husband and wife. The authority exists only by statutory enactment. 19 C. J. section 770, p. 331. Our statute on this subject, section 11, chapter 64, Code, provides, in part: "Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further decree as it shall deem expedient, concerning the estate and maintenance of the parties, or either of them. * * *"

This Court in *Norman* v. *Norman,* 88 W. Va. 640, indicated that in a proper case the trial court might, under this statute, bar the marital right of dower or curtesy; and in the Virginia case of *Gum* v. *Gum,* 122 Va. 32, it was held that under the provisions of a similar statute, the court could in a divorce proceeding extinguish the marital rights of a wife to dower in her husband's estate. In *Barnes* v. *American Fertilizer Company,* 144 Va. 692, the court seemed inclined to

the view that under the statute, in the absence of agreement, the power of the court was limited to the settlement of those property rights which arose by operation of law out of the marital relation, and in the protection of the respective estates of the parties. In *Deusenberry* v. *Deusenberry* 82 W. Va. 135, we held that a divorce decree would not be reversed for failing to ascertain and decree the estate and rights of the parties in property owned by them, respectively, because the pleadings did not call for such relief. It was there said: "Section 11, of chapter 64, of the Code, probably gives the court jurisdiction to do this, but nothing in the pleadings or proceedings called for such relief."

In a number of States by statutory enactment the trial court may in a divorce proceeding make a division of the property between husband and wife. These statutes are quite different from ours and are not very helpful in aiding us to determine the power which the trial court in this state can exercise under section 11, chapter 64, Code. The clear purpose of this section was to give the court power to determine and adjudicate the questions naturally arising upon a dissolution of marriage or the granting of a divorce *a mensa et thoro,* or *a vinculo matrimonii,* concerning the estate and maintenance of the parties or either of them, and the care, custody and maintenance of the children, if any there be, resulting from the marriage. Just how far the court may decree concerning the "estate" of the parties is not clear. What is the meaning of "estate" in this statute? Shall it be construed to mean only the dower or curtesy interest which one spouse has in the real estate of the other, and thus confine the power of the court to decree only concerning the "estate" of the parties arising out of and by virtue of the marriage relation? Or shall it be construed more liberally to include the estate of the parties, or either of them, acquired while living together as man and wife? We are not unmindful of the holding of the Virginia Court in *Barnes* v. *American Fertilizer Company,* 144 Va. 692, *supra,* which has construed the word "estate" so used to include only the estate or property rights of the parties arising by virtue of law out of the marriage relation, such as dower and curtesy. We think that construc-

tion is entirely too narrow and restricted in view of the wording of the statute and the evident purpose of its enactment. The familiar rule of construction, that every word, phrase and sentence of a statute must be considered and given effect if possible in view of the entire act and its purpose, applies here with peculiar force. It will be observed that the section gives the court power to decree concerning the estate: (1) Where there is a decree of dissolution of a marriage, and (2) where there is a decree of divorce from bed and board, or from the bonds of matrimony. It may be said that a dissolution of a marriage is synonymous with a divorce, but this statute does not treat them as synonymous. The ''dissolution of marriage'' clearly refers to dissolution or annulment for causes which render the marriage contract void, such as a marriage between a white person and negro, or where either party to the marriage already had a living husband or wife. To hold that the court could only decree concerning the estate arising out of the marriage relation such as dower and curtesy, would render this part of the statute concerning dissolution meaningless and without effect, for where the marriage is void, no such rights of dower or curtesy exist. They arise only from a valid marriage. With what estate then could the court decree in case of dissolution or annulment? Surely not with the estate of the parties owned by them at the time the void marriage contract was entered into. But the property accumulated during the period of living together and from their joint efforts would be a proper subject for consideration and disposition by the court after decreeing dissolution or annulment. The general powers of a court of equity would apply. Having jurisdiction of the parties and the void or voidable marriage contract out of which the estate arose, equity would demand a complete adjudication. *Werner* v. *Werner*, 59 Kan. 399, 41 L. R. A. 349; *Krauter* v. *Krauter*, 190 Pac. (Okla.), 1088. But if the court under its general equity powers could not do so, the statute gives that power. ''Upon decreeing the dissolution of a marriage * * * the court may make such further decree as it shall deem expedient, concerning the estate and maintenance of the parties, or either of them.'' These are the words of the act. Here is a clear statutory

authority, for what a court of equity should have power to do. We can see no distinction in the power of the court in case a temporary or absolute divorce is decreed, from that where an annulment or dissolution is granted. The statute makes none. The court may decree concerning the estate of the parties, or either of them, either upon annulment or where divorce is awarded. Giving to the statute this construction readily deducible from the language used, that construction is buttressed by consideration of convenience and public policy. It is not perceived why the court in granting divorce should be confined to curtesy and dower arising out of the marriage relation alone, thereby requiring the parties to litigate their respective rights to the property acquired by them during their marriage in a separate suit. The policy of the law is to avoid a multiplicity of suits. No hardships or inconvenience would be imposed on the parties in the divorce suit. To deny that relief, would necessitate continued litigation, expenses and delays. We think it was the intention of the act to give the court the same power in decreeing divorce that it gives where a dissolution or annulment is decreed, namely the power to settle the claims of the respective parties in and to the property acquired by them during the marriage.

The decree of the lower court will be affirmed.

*Affirmed.*