## CHARLESTON.

BURDETTE *v.* BURDETTE.

(No. 6669)

Submitted April 15, 1930.    Decided April 22, 1930.

96

*Simms & Staker,* for appellant.
*James H. Strickling,* for appellee.

LIVELY, PRESIDENT:

Margaret Burdette sued her husband, J. A. Burdette, in domestic relations court of Cabell county, in the year 1928, for a divorce from bed and board, for alimony, and for a division of property accumulated by their joint efforts. Upon answer and evidence that court decreed her a divorce a mensa and permanent alimony of $85 per month, but did not decree concerning the estate of the parties, and dismissed the cause from the docket. Upon appeal to the circuit court by defendant, the cause was remanded with direction to ascertain and decree the property rights of the parties and alimony in accordance with and as influenced by a division of the property if such division was had. Upon the remand of the cause, the domestic relations court referred it to a commissioner who reported that plaintiff should be decreed an undivided one-half interest in the house on Ninth Avenue in the city of Huntington, less $500, or in lieu thereof a lien thereon for $6,000 in discharge of her inchoate right of dower therein and inheritance thereto; and that the alimony should be $85 a month; and that she should have all household furniture, and right of burial in the cemetery lot owned by defendant. Defendant excepted to the report, and the court decreed her a lien upon the house and lot for $4,000

in lieu of alimony and her dower and right to participate in defendant's estate, and until that lien was paid off and discharged, defendant should pay her $50 a month alimony. She was decreed the household furniture and right of burial as recommended by the commissioner's report and costs of the suit. The circuit court refused an appeal on October 10, 1928, saying that the decree was plainly right, and plaintiff obtained this appeal. She says the trial chancellor erred: (1) In not allowing permanent alimony at $85; (2) in not decreeing her either an undivided one-half interest in the real estate or in lieu thereof a lien thereon of $6,000; and (3) in refusing to decree her an allowance of $500 to pay her attorneys their fees for prosecution of this appeal.

The commissioner reported that the real estate owned by defendant, a house and lot on Ninth Avenue in the city of Huntington assessed for taxes at $9,825, were worth about $13,500. The lot has a frontage of 30 feet and runs back a distance of 200 feet on the rear of which is a garage with apartments over it, constructed in 1924. The dwelling house on the lot where the litigants live was erected about the year 1914, and cost $3,600. The lot on which it was erected cost $1,600. He reported defendant's income at $231.50 per month. The marriage was solemnized December 29, 1903. The husband became employed as a locomotive engineer, and had accumulated from his wages, in 1914, sufficient money to buy the lot and build the dwelling. The wife did the housework. He gave her a monthly allowance of $30 for her pin money out of which, and some money paid to her by her two brothers who lived with her, she had saved $1,000 which she had invested in a building and loan association. Her mother also came to live with her in the Ninth Avenue property, and after the brothers came the relations between husband and wife became strained, finally ending in a cessation of marital relations, although they both occupied the same house. In May, 1928, plaintiff sued her husband for a divorce a mensa and alimony and claimed an equitable interest in the property, charging that he had been guilty of adultery, had abandoned her, and had subjected her to cruel and inhuman treatment. Upon answer and proof taken, the decree first above mentioned was entered, appealed from, remanded,

more evidence taken, and the report of the commissioner filed, upon which the decree appealed from was pronounced.

The controversy has narrowed to the amount of alimony to which the wife is entitled, although she says that she should be decreed an undivided half interest in the property, irrespective of her marital rights therein or her right to alimony, on the theory that by performing her duties as a wife and housekeeper she contributed to the accumulation of money which went into the property, the legal title to which is held by the husband. Her counsel argues that marriage should be considered as a partnership, the spouses being equal partners, and therefore an equal division of the property accumulated while the partnership existed should be had upon dissolution. It will be seen by the decree that the court gave her $4,000, and secured it by a lien upon the real property, a portion of which was to reimburse her for her inchoate right of dower therein as a distributee of her husband's estate and not as a partner. We can see no special circumstances which would warrant a transfer of the property or any interest therein to her. It is the duty of the husband to maintain the wife, and, if she be given a divorce from him either absolute or partial, to maintain and support her further in a manner suited to his means and their social position. Ordinarily, the moneys for that purpose are taken out of the earnings and income of the husband. The obligations of the husband spring from the marital relation and not from a business partnership. Section 11, c. 64, Code, does not authorize a court to transfer title of the husband's property to the wife for payment of her alimony. The words in that section, to the effect that the court may further decree concerning the *estate and maintenance* of the parties, were "evidently meant to give the court authority to protect each party in the possession and enjoyment of his or her respective estate, subject to such alimony as may be decreed, and not to authorize the transfer of the legal title to the land by way of alimony." *Reynolds* v. *Reynolds*, 68 W. Va. 15, 24, 69 S. E. 381, 385. In *Tuning* v. *Tuning*, 90 W. Va. 457, 111 S. E. 139, and *Philips* v. *Philips*, 106 W. Va. 105, 144 S. E. 875, there were special circumstances which justified the decrees. Here we have the ordinary case where the husband has acquired property during the

marriage without any special or extraordinary circumstances which would warrant a transfer of that property to the wife either for alimony or any other purpose. In *Reynolds* v. *Reynolds, supra,* it was said that the statute was broad enough to enable the court to *secure the payment of alimony* by making it a lien on the land which could be enforced as a lien, if not paid, and the property sold, but that the statute would not be further extended by judicial interpretation. So, the controlling question here relates to the amount of alimony which should be given the wife. She claims that she should have a decree for $6,000 secured by a lien on the property in settlement of her inchoate dower and alimony, and an additional allowance of $85 per month, as reported by the commissioner, and that the court erred in reducing both sums. The husband says that the amount fixed in the decree is proper and should not be disturbed. There is no cross-assignment of error by him that a gross sum in lieu of dower and for alimony has been allowed and made a lien on the property. The court, as above observed, had power to charge the property for payment of alimony. *Goff* v. *Goff,* 60 W. Va. 9, 53 S. E. 769, 9 Ann. Cas. 1083.

Alimony is an allowance made to the wife out of the husband's estate or income upon decree of separation, springing from the obligation of the husband, incident to the marriage relation, to maintain and support the wife according to his means and social position. The present worth of the wife's dower interest in the property, based on her age, was found to be $2,572.77. This sum, taken from the $4,000 allowed by the court in lieu of alimony and her dower right, would leave $1,427.23, as, and for, alimony. In addition thereto the husband was required to pay her $50 per month until the $4,000 was paid when that monthly sum should cease, and at which time she should surrender possession of the house.

We have often reiterated that the amount of alimony is always within the sound discretion of the court, and, unless such discretion is grossly abused, this court will not reverse on that ground. *Henrie* v. *Henrie,* 71 W. Va. 131, 76 S. E. 837; *Goff* v. *Goff,* 54 W. Va. 364, 46 S. E. 177; *Bailey* v. *Bailey,* 21 Grat. (Va.) 43; *Miller* v. *Miller,* 92 Va. 196, 23 S. E. 232. Has

the court abused that discretion in this case? The wife is in possession of the house, a large one, the estimated monthly rental value of which is $60; the household furniture, etc., is decreed to her. She is given $50 each month. She says she needs $125 per month, which includes rent at $40. She says she derived a profit from rooming and boarding her mother and two brothers when they roomed and boarded with her. On the other hand, the husband's average income for twelve months next preceding the hearing before the commissioner was $231.50. His living expenses at St. Albans were $100 per month. It is shown that his health is impaired and that he worked during that year in disregard of medical advice in order to meet his obligations including the $85 per month alimony; and that his savings of over $750 had been expended to meet these obligations until he had less than $100 left from his wages and savings. Under these conditions and circumstances, we cannot say that the court has grossly abused its discretion in fixing a monthly allowance of $50, combined with a decretal judgment of $4,000. But shall this allowance for permanent alimony be final? Should not the court reserve the right to make such changes therein on the petition of either party as changed conditions may render necessary? When the $4,000 lien is paid she will have no income except from that source and will be compelled to surrender possession of the home. Justice may demand a continuance of a monthly payment by defendant upon the ability of the husband to respond. We are clearly of the opinion that such reservation should be made in order to conserve to the wife her right to future support according to the means of her husband applicable to that purpose. The decree for alimony as it now stands is final, and may be res judicata without such reservation. *Cariens. v. Cariens*, 50 W. Va. 113, 40 S. E. 335, 55 L. R. A. 930.

On the third point of error, allowance to attorneys for legal services on this appeal, the record does not show that the matter was before the trial court. There is nothing in the record concerning it on which this court can act.

Under the ruling in *Henrie* v. *Henrie*, 71 W. Va. 131, 76 S. E. 837, the decree will be modified as above indicated, giving to either party the right to apply for a change in the monthly

amount of alimony as future conditions may make ·necessary and proper.

*Modified and affirmed.*