## Margaret Burdette *v.* J. A. Burdette

### (No. 6959)

Submitted July 21, 1931.    Decided July 24, 1931.

*J. H. Strickling* and *C. W. Strickling,* for appellant.
*Simms & Staker,* for appellee.

Maxwell, Judge:

The plaintiff having been awarded a divorce from bed and board from the defendant there arose certain questions of property rights and alimony.    On first appeal (*Burdette* v. *Burdette,* 109 W. Va. 95, ...... S. E. ......), we affirmed the action of the trial court in decreeing to the plaintiff a lien upon the house and lot for $4,000 for alimony and in lieu of her dower, and right to participate in defendant's estate, and further requiring that, until said lien should be paid off and discharged, the defendant should pay the plaintiff $50.00 a month alimony.    We modified the ·decree by making a reservation of right in the trial court (Domestic Relations Court of Cabell County) to make such change in the amount of alimony, on the petition of either party, as the future needs of the wife

and the altered circumstances of the husband might render necessary to meet the ends of justice. It appeared from the record, as stated in former opinion, that the wife's dower interest in the property, based on her age, was of the value of $2,572.77 at the time of the finding, and that the residue of the said sum of $4,000, to-wit, the sum of $1,427.23, stood as an allowance of alimony. Within a few weeks after the rendition of the former decision by this Court the defendant paid to the plaintiff the said sum of $4,000. Upon the payment of the said sum of $4,000 defendant ceased to pay the alimony of $50.00 per month.

A short time after the said payment had been made by the defendant, plaintiff filed a petition in the Domestic Relations Court of Cabell County praying a monthly allowance of alimony and attorneys' fee. The court, upon petition, answer and testimony on behalf of both parties, awarded the plaintiff $50.00 per month alimony, to be paid until further order of court, and $50.00 for attorneys' fee. The circuit court of Cabell County having affirmed the trial court's action, the matter is now before us for review.

The plaintiff has continued to reside in the city of Huntington. That was the home of the parties before the rupture. She is now occupying a home for which she pays $35.00 per month rent. She lists her other necessary living expenses, which seem modest enough. She says she cannot live on the income from the sum of $4,000; that she has no other income; that she is 52 years of age and is not trained for service other than of a domestic nature.

Though defendant's health is not as good as it was in his younger days, it nevertheless appears from the testimony taken in support of the plaintiff's aforementioned petition for alimony that for the year May 1, 1929, to May 1, 1930, he received from the Chesapeake & Ohio Railway Company for his services as locomotive engineer the sum of $3,345.13; and, further, that he receives from the United States Government a pension of $30.00 a month as a veteran of the Spanish American War. His total income thus appears to be more than $300.00 per month. We perceive no abuse of discretion in the trial court in requiring the defendant to pay out of his

said income to his wife a little less than one-sixth thereof, namely, $50.00 per month. The fixing of amounts of alimony is a matter peculiarly for the trial chancellors, and their judgment will not be interferred with unless in the judgment of the reviewing court there has been an abuse of discretion. See authorities cited in former opinion. The allowance of $50.00 attorneys' fee was a matter also within the sound discretion of the trial chancellor.

But the defendant takes the position that inasmuch as the $4,000 which was paid by him to his wife shortly after the former decision by this Court included the sum of $1,427.23 as alimony he should not be required to make further alimony payments. Here, again, there is involved a question of discretion on the part of the trial chancellor. The very purpose of this Court's modification of the original order was to enable the court to change the requirements from time to time as circumstances might require.

The original payments of $50.00 per month terminated when the $4,000 was paid May 31, 1930. Under the subsequent decree of the trial court (the decree now under review) the monthly payments of $50.00 for alimony were to be resumed September 4, 1930. Inasmuch, however, as it appears from the record that the defendant was not alone at fault in the matters which gave rise to the break-up of this family; that he has persistently pursued his vocation though in impaired health; that he has been at heavy expense in connection with the divorce litigation; that he borrowed the money with which to pay the said sum of $4,000 to the plaintiff, and that the said sum of $1,427.23, alimony portion of said sum of $4,000, may very reasonably have been considered by him as expense money for the plaintiff paid in advance, we are of opinion that the time for the beginning of the monthly payments of alimony should have been fixed for a later date than adopted by the trial court, and that in the exercise of its discretion it should have fixed a later date, contingent, of course, upon the defendant's continued ability to meet the requirements of the court, and the plaintiff's necessities.

We affirm the decree as to the allowance of attorneys' fee and alimony, but reverse as to the date at which the alimony

payments are to begin, and, with costs to the appellee, we remand the cause for further proceedings not at variance herewith.

*Affirmed in part; reversed in part; remanded.*