· Nettie Games *v.* Wilbur R. Games

(No. 7020)

Submitted November 3, 1931.   Decided November 17, 1931.

*Everett F. Moore,* for appellant.
*Lloyd Arnold,* for appellee.

Maxwell, Judge:

The defendant (husband) appeals from a decree of the circuit court of Marshall County awarding the plaintiff a divorce from the defendant from the bond of matrimony on the ground of adultery, giving her the custody of the children, allowing her $50.00 per month alimony, requiring the defendant to convey to the plaintiff certain of his real estate

in fee simple, and appointing a special commissioner of the court to convey the title to said property upon defendant's failure to do so.

Evidence in the record of noisome and disgusting occurrences will not be discussed in this opinion. Such matters have no proper place in the published opinions of a court. Upon careful consideration of all the circumstances of the case, we are of opinion that the trial court was warranted in adjudging that the defendant was guilty of adultery, and that the plaintiff did not condone his offense. The awarding of the custody of the children to the plaintiff and the allowance to her of alimony followed as incidents of the principal finding. We leave those matters in repose.

However, an interesting legal question arises on the right of the trial court to require the defendant to convey in fee to the plaintiff certain of his real estate, and upon his default directing a special commissioner to make the conveyance. There is neither statute nor decision of this jurisdiction which is authority for such requirement.

The old statute (Code 1923, chapter 64, section 11), in force for many years, provided that a court upon decreeing a divorce, or dissolution of a marriage, might "make such further decree as it shall deem expedient, *concerning the estate and maintenance of the parties,* * * *." (Italics ours.) In *Goff* v. *Goff*, 60 W. Va. 9, it was recognized that the above provision of the statute was sufficiently broad to warrant a court in declaring alimony to be a specific lien on real estate. In *Reynolds* v. *Reynolds*, 68 W. Va. 15, there appears this holding: "The words 'concerning the estate' of the parties, are evidently meant to give the court authority to protect each party in the possession and enjoyment of his or her respective estate, subject to such alimony as may be decreed, and not to authorize the transfer of the legal title to the land by way of alimony." In that decision it is noted in effect, however, that there might arise extreme circumstances which would warrant a court of equity in requiring transfer of title. What might constitute such extreme circumstances is not clear. At any rate, nothing of that sort exists in the instant case. The

more recent case of *Philips* v. *Philips,* 106 W. Va. 105, while not making specific reference to either of the two foregoing cases, is in nowise inconsistent with them. The essence of the holding in the Philips case is that upon granting a divorce, the court may, under authoriy of section 11, chapter 64, Code 1923, "settle the claims of the respective parties in and to the property acquired by them during the marriage." This is far short of saying that upon decree of divorce the husband may be required to convey real estate to the wife as and for alimony. Such course would be at variance with the underlying meaning and purpose of alimony. Alimony is conceived primarily to be an allowance out of the husband's earnings or income for the support and maintenance of the wife. *Lovegrove* v. *Lovegrove,* (Va.) 104 S. E. 804; *Sperry* v. *Sperry,* 80 W. Va. 142; *Burdette* v. *Burdedtte,* 109 W. Va. 95; *Hale* v. *Hale,* 108 W. Va. 337. "Alimony is not an estate, nor a portion of the husband's estate to be assigned to the wife as her own; but merely an allowance out of the husband's estate for the nourishment of the wife. It is payable out of his estate, real as well as personal; but the word never covers the estate itself. Accordingly, although the decisions are not harmonious, the weight of authority is to the effect that in the absence of express statutory authorization, a court possesses no power to vest in the wife the title to a portion of the husband's estate as an allowance of alimony."

The foregoing is by way of background to discussion of the provisions of the Code of 1931, 48-2-15. (The 1931 Code was in effect when the decree under review was entered.) The said section of the new Code, (48-2-15), embodying in the main the provisions of section 11, chapter 64, Code 1923, modifies and transposes the provision with reference to the estate of the parties. Instead of providing, as did the old Code, that the court might make such decree as it should deem expedient concerning the estate of the parties, that provision is dropped entirely, and at the end of the section there appears this provision: "For the purpose of making effectual any order or decree provided for in this section the court may make any order or decree concerning the estate of the parties,

330

or either of them, as it shall deem expedient." Obviously, under this new provision, the power of the court to deal with real estate in a divorce suit is secondary and not primary. The corpus of real estate ordinarily may not be decreed as and for alimony, but it may be impressed as a guarantee for the payment of alimony. The revisers' notes to this section are clear, and accentuate the situation as above presented. The new Code also carries the following provision (48-2-19) : "Upon decreeing the annulment of a marriage, or upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court shall have power to award to either of the parties whatever of his or her property, real or personal, may be in the possession, or under the control, or in the name, of the other, and to compel a transfer or conveyance thereof as in other cases of chancery." The purpose of this section is to meet a situation such as was presented in the *Philips* case, *supra,* which arose under the old Code. This new section was necessitated because of the above mentioned change in section 11, chapter 64, Code 1923.

We affirm the trial chancellor except as to that portion of the decree which requires the defendant to convey to the plaintiff in fee simple certain of his real estate, and in default of so doing, appointing a commissioner of the court to transfer the title. We shall correct the decree here and remand the case.

*Affirmed in part; reversed in part; remanded.*