RONALD KEITH MCKINNEY

*v.*

HON. A. R. KINGDON, *Judge*

(No. 14195)

Decided December 5, 1978.

320

*Lynch, Mann & Knapp and Norman Knapp* for relator.

*Bailey, Worrell & Viers and Paul A. Viers* for respondent.

McGRAW, JUSTICE:

On September 14, 1977, respondent Regina McKinney filed in the Circuit Court of Wyoming County an action for divorce by which she prayed, *Inter alia,*

> ... that [she] be awarded and granted the exclusive possession and use of a 1977 Volkswagen Rabbit motor vehicle owned by the parties hereto for the transportation of [her] and her infant children in and about the transaction of their everyday affairs and business....

At trial, respondent testified that she and her husband owned the contested 1977 Volkswagen Rabbit as well as a 1977 Dodge van. In his petition before this Court, petitioner alleges that he is and has been the equitable, legal and record owner of the automobile in dispute.

Petitioner did not appear at trial, and the court awarded respondent a divorce, custody of the children and "the exclusive possession, ownership and use of a 1977 Volkswagen Rabbit motor vehicle owned by the parties hereto for the transportation and transaction of the everyday affairs of the [respondent] and her infant children."

After the divorce proceeding below, petitioner attempted to convey title of the automobile to a third party and has refused to surrender it to the respondent.

It is the execution of the final order and the subsequent order of March 3, 1978, finding him in contempt of

court to which the petitioner seeks a writ of prohibition. He prays that this Court prohibit the enforcement of the final order insofar as it requires him to transfer the possession, ownership, and use of the 1977 Volkswagen Rabbit.[1]

It is axiomatic to this area of law that, "The jurisdiction of divorce cases is purely statutory, and the court possesses no powers in such cases involving matters of property beyond those conferred by statute. . . ." *State ex rel. Hammond v. Worrell*, 144 W.Va. 83, 88-9, 106 S.E.2d 521, 524 (1958) *citing Selvy v. Selvy*, 115 W.Va. 338, 177 S.E. 437 (1934) and *Phillips v. Phillips*, 106 W.Va. 105, 144 S.E. 875 (1928).

Prior to 1931, the statute conferring jurisdiction was Code 1923, Ch. 64, § 11, which provided that:

> Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce . . . the court may make such further decree as it shall deem expedient, concerning the estate and maintenance of the parties, or either of them. . . .

This provision and the cases under it, formerly gave the court "almost unlimited control of the property of the parties in a divorce proceeding." *State ex rel. Hammond v. Worrell*, 144 W.Va. 83, 89, 106 S.E.2d 521, 525 (1958) *quoting Selvy, supra* at 341, 177 S.E. at 439. *Phillips v. Phillips, supra*, at 109, 144 S.E. at 877, for exam-

---

[1] Petitioner was adjudged in contempt of court for "failure to deliver to the plaintiff the possession of the Certificate of Title for a 1977 Volkswagen Rabbit motor vehicle, Serial No. 1773135561, as directed by the order of the court. . . ." *and* for being delinquent and arrears in the payment of alimony, child support, maintenance, attorney fees, and court costs. The writ of prohibition lies as a matter of right wherever an inferior court acts without jurisdiction or has jurisdiction but exceeds its legitimate powers. *E.g., State ex rel. Valley Distributors, Inc. v. Oakley*, 153 W.Va. 94, 168 S.E.2d 532 (1969). Petitioner does not deny that the court had jurisdiction to find him in contempt and that it did so without exceeding its legitimate powers. He seeks to prohibit, however, only the enforcement of that part of the final order requiring him to transfer the possession, ownership and use of the 1977 Volkswagen Rabbit automobile.

ple, discusses how "it was the intention of the act to give the court ... the power to settle the claims of the respective parties in and to the property acquired by them during marriage."

But this provision was changed in the Code of 1931 and appears today in W.Va. Code § 48-2-15 as follows:

> *For the purpose of making effectual any order or decree provided for in this section* the court may make any order or decree concerning the estate of the parties, or either of them, as it shall deem expedient. (emphasis added).

*Selvy v. Selvy, supra* at 341, 177 S.E. at 439, characterizes this revised provision as "decidedly more restrictive" than its predecessor and explains how circuit court jurisdiction over property of the parties to a divorce was restricted by the statutory change:

> [U]nder the [new] divorce statute of this state, the court's control over the estate of the parties, as such, is indirect and is such only as is necessary to enforce its decrees for alimony and for maintenance. Under the ... former statute ... that control was said to be direct.

*Selvy* was preceeded by *Games v. Games,* 111 W. Va. 327, 161 S.E. 560 (1931), the first case dealing with this new provision. The Court in *Games* held at 330, 161 S.E. at 562, that:

> Obviously, under this new provision, the power of the court to deal with real estate in a divorce suit is secondary and not primary. The corpus of real estate ordinarily may not be desired as and for alimony, but it may be impressed as a guarantee for the payment of alimony.

The Revisers' Note to 48-2-15, Code 1931. , similarly affirms that the circuit courts have only secondary power over the property of a partner to a divorce and may exercise this power only "for the purpose of making effectual any order or decree," such as when a court makes a money decree for alimony a lien on the hus-

band's land. *See, e.g., Goff v. Goff,* 60 W.Va. 9, 53 S.E. 769 (1907).

The Court uniformly followed this interpretation for over 45 years as exemplified by this second syllabus point from *Wood v. Wood,* 126 W.Va. 189, 28 S.E.2d 423 (1943), and *State ex rel. Hammond v. Worrell, supra,* as well as by *Kinsey v. Kinsey,* 143 W.Va. 574, 583, 103 S.E.2d 409, 414 (1958):

> Code, 48-2-15, confers on a court in a divorce suit power to make any order or decree concerning the estate of the parties or either of them, as it may deem expedient, only for the purpose of making effectual any order or decree made in the case relating to the maintenance of the parties, or the custody and maintenance of their children.

The syllabus of *Smith v. Smith,* 134 W.Va. 448, 49 S.E.2d 894 (1950) explains well the limited statutory power of the courts to deal with the property of the parties to a divorce action.

> In a suit for divorce, courts are empowered by Code, 4l8-2-15, to enter such orders and decrees as may be deemed expedient to secure compliance with orders and decrees relating to the care, custody, education and maintenance of minor children, including the power to impound personal property; such power is a discretionary one reviewable by the Supreme Court of Appeals.

In that case the trial court's impounding of proceeds from the sale of bonds as security for the payment of support and maintenance was found to be an abuse of discretion.

Thus, the statute has uniformly been interpreted to permit courts to deal with the property of the parties when necessary to effectuate orders entered for the welfare of the parties or of their minor children. Historically, as shown above, this has been used almost exclusively to guarantee the payments for support, maintenance,

education, etc. Characteristically, the husband's real or personal property is tied up one way or another in order to secure his continued compliance with orders of the court.

But securing compliance by guaranteeing payments is only one way of "making effectual" a divorce order or decree. As the original Revisers' Notes to W.Va. Code 48-2-15, W.Va. Code 1931, instruct, "The court ... is free to follow any other plan that is called for by equity and the circumstances."

In *Murredu v. Murredu*, ____ W.Va. ____, 236 S.E.2d 452 (1977) another plan for effectuating a divorce order was before this Court. The trial court had granted a divorce to the husband and awarded him custody of the three minor children, the right to live in the home property until the youngest child achieved majority, and possession of the household furnishings. The wife argued, in effect, that the court had no jurisdiction to grant to the husband exclusive possession of the jointly owned home property and furnishings because any such order was not "for the purpose of making effectual any order or decree" as provided for in W.Va. Code § 48-2-15.

We disagreed and held in syllabus point 2 that "A trial court in the exercise of its sound discretion under the provisions of W.Va. Code, 48-2-15, may award the exclusive use of the home property to a spouse incident to obtaining custody of the children." Thus, we determined that the trial court's award to the husband of the use of "the estate of the parties" was necessary in order to bring about and fulfill the award to him of custody of the minor children.

Today we must determine whether the court below had jurisdiction to award to the respondent-wife possession and use of the 1977 Volkswagen Rabbit, and, if it did have jurisdiction, whether it exceeded its legitimate powers by ordering and compelling that possession of title be transferred to her.

As detailed above, jurisdiction in such cases is statutory. Thus, the threshold inquiry is whether under W.Va.

Code 48-2-15 the court order respecting the automobile was "for the purpose of making effectual" the order granting custody to the petitioner. Petitioner, citing *Murredu, supra,* maintains:

> That, however, is precisely the case in this instance. The car is necessary to the proper care and custody of the children as for taking to and from the doctor and dentist or getting their groceries or buying them clothing or any of the other multitudinous reasons that one *must* leave his home to do in order to care for his family. The topography and rural nature of West Virginia further necessitates the accessibility of an automobile to a family with young children.

The court in its order seems to agree that the award of the automobile was "for the purpose of making effectual" the custody decree since it demands that possession, ownership, and use of the jointly owned automobile be granted the wife expressly "for the transportation and transaction of the everyday affairs of the [wife] and her infant children . . . ."

We hold that the court has the jurisdiction and legitimate power under W.Va. Code § 48-2-15 to award possession and use of the vehicle to the wife for the purpose of making effectual that part of the final order granting to her the custody of the minor chidren. We find upon review of the record and in light of petitioner's failure to answer or otherwise appear at trial, no error in that part of the order granting to the wife "use and possession" of the automobile.

Today's holding is limited to automobiles, a unique kind of personal property, and is not intended to affect the existing law concerning real property or drastically alter the way personal property is currently disposed of in divorce actions. But "home property" and automobiles may well need to be subjected to judicial control in order to effectuate orders and decrees entered for the welfare of the parties and children involved in a di-

vorce.[2] Consumer goods and other common amenities of life, which characteristically are purchased on install-ment plans and depreciate rapidly afterwards, especially those which were acquired as a direct consequence of the nuptial union or the children resulting therefrom, might logically need to follow the spouse granted custo-dy. It could be deemed necessary that some or all per-sonal property of this nature continue to serve the inter-ests of those for whose welfare and benefit it was originally acquired, even if it does so to the exclusion of the spouse without custody who no longer resides in the marital home. The court in a divorce action should con-tinue to look to the nature of the property and the abilities of the respective parties to put it to its best use.

One remaining troublesome point warrants discussion. In her complaint, respondent asks to be awarded the "exclusive possession and use of a 1977 Volkswagen Rab-bit motor vehicle owned by the parties. . . ." The court's final order decrees that she be awarded "exclusive pos-session, *ownership* and use of [the] 1977 Volkswagen Rabbit motor vehicle owned by the parties. . . ." [empha-sis added]. Ultimately petitioner was found to be in con-tempt of court for failing to deliver possession of the automobile's certificate of title to her pursuant to an order of the court.

In *Kinsey v. Kinsey* 143 W.Va. 574, 103 S.E.2d 409 (1958), the trial court similarly ordered the husband to assign the title of an automobile to the wife who also was awarded custody of the children along with support, maintenance, and alimony. But in that case the award of the automobile was in error because of a defective bill

---

[2] Real and appreciable assets, on the other hand, which charac-teristically are purchased for investment and income producing potential are normally not subject to judicial control for purposes of effectuating orders and decrees except in the classic historical sense discussed above, *i.e.*, when they are impounded or tied up in order to secure or guarantee compliance with orders and decrees involving payments for support, maintenance, education, etc. This type of personal property, of course, might also be alienated as alimony itself.

of complaint in which "there was no reference whatso-
ever to the automobile." *Id.* at 584, 103 S.E.2d at 414.
Thus, in *Kinsey*, the "more fundamental question" of
whether the court had jurisdiction to order the transfer
was expressly unresolved. *Id.*

We feel that titular ownership of an automobile is a
necessary corollary of its possession and use. Taking
care of taxes, insurance, and licensing of an automobile
properly in one's possession would be extremely difficult
or even impossible when title is in the possession of
another, particularly if the other person is an embit-
tered ex-spouse. Therefore, since titular ownership is a
necessary compliment to lawful possession of an automo-
bile, a spouse in a divorce action may be ordered to give
to the other possession of an automobile and its title,
but only when such an order makes effectual an order or
decree as contemplated by W.Va. Code § 48-2-15 and our
case law.

We hold for the reasons stated above that the circuit
court, in its final order of October 21, 1977, neither acted
without jurisdiction or exceeded its legitimate power
when it required petitioner to transfer possession, use,
and ownership of the automobile and its title to respon-
dent. Consequently, we must refuse to grant the writ of
prohibition.

*Writ refused.*

MILLER, JUSTICE, *dissenting*:

My departure from the majority centers on the opin-
ion's second syllabus,[1] which I believe is an unwarrant-
ed extension of the traditional power lodged in a trial
court to decree a division of the parties' property. I
derive some comfort from the fact that the opinion lim-
its itself "to automobiles, a unique kind of personal prop-
erty, and is not intended to affect the existing law con-

---

[1] "A spouse in a divorce action may be ordered to give the other
possession and use of an automobile and to convey its title, but
only when such an order makes effectual an order or decree as
contemplated by W.Va. Code § 48-2-15 and our case law."

cerning real property or drastically alter the way personal property is currently disposed of in divorce actions. . . ." [Majority Opinion, p. 9]

I think the majority has misread the scope of W. Va. Code, 48-2-15, which they believe to be the source of their authority to deliver the automobile owned by the husband to the wife. They begin, appropriately, with the fundamental principle that the jurisdiction of a divorce court is purely statutory. *State ex rel. Collins v. Muntzing*, 151 W.Va. 843, 157 S.E.2d 16 (1967); *State ex rel. Hammond v. Worrell*, 144 W.Va. 83, 106 S.E.2d 521 (1958).

They also echo the statement made in *Selvy v. Selvy*, 115 W.Va. 338, 177 S.E. 437 (1934), that W. Va. Code, 48-2-15, as revised in 1931, appears to be more limited in its grant of power to deal with property than its forerunner, W.Va. Code 1923, Ch. 64, § 11.[2]

Having acknowledged that W.Va. Code, 48-2-15, may have limited the court's power to transfer a party's property, the majority then cites *Smith v. Smith*, 134 W.Va. 448, 59, S.E.2d 894 (1950), and *Murredu v. Murredu*, ____ W.Va. ____, 236 S.E.2d 452 (1977), as supplying the authority for its rule.

What is misapprehended is the language in W.Va. Code, 48-2-15: "[F]or the purpose of making effectual any order *provided for in this section* the court may make any order concerning the estate of the parties, . . ." [Emphasis supplied]

---

[2] One might surmise that the purpose of the 1931 revision to W. Va. Code 1923, Ch. 64, § 11, was to counteract the case of *Philips v. Philips*, 106 W.Va. 105, 144 S.E. 875 (1928), where the court approved, without citation of any prior West Virginia cases, the divorce court's decree which ordered transfer of legal title to certain jointly owned real estate. Although *Philips* represents a clear anomaly in our law and has never been overruled, it has been cited in other cases. *State ex rel. Hammond v. Worrell*, 144 W.Va. 83, 89, 106 S.E.2d 521, 524 (1958); *Selvy v. Selvy*, 115 W.Va. 338, 341, 177 S.E. 437, 439 (1934); *Games v. Games*, 111 W.Va. 327, 329-30, 161 S.E. 560, 561-62 (1931); *Smith v. Smith*, 110 W.Va. 82, 87, 157 S.E. 37, 39 (1931); *Burdette v. Burdette*, 109 W.Va. 95, 98, 153 S.E. 150, 151 (1930).

Historically, this language has been construed by this Court not to empower a divorce court to transfer property owned by one spouse to another. Rather, we have recognized this language as operating in a secondary fashion to enable the court to bind the estate of the party who is required to pay maintenance or support to the wife or children.

The emphasized portion of the quoted statute provides the key to its understanding. The only orders *provided for* in that section are ones relating to the "maintenance of the parties," including the "care, custody, education and maintenance of the minor children." Nowhere within this section is there any operative language giving the divorce court the right to transfer title to property from one party to the other.

Paradoxically, the majority appears to acknowledge this interpretation, as it quotes from *Games v. Games*, 111 W.Va. 327, 161 S.E. 560 (1931), which was the first occasion this Court had to construe the 1931 revision to W.Va. Code, 48-2-15:

> "Obviously, under this new provision, the power of the court to deal with real estate in a divorce suit is secondary and not primary. The corpus of real estate ordinarily may not be decreed as and for alimony, but it may be impressed as a guarantee for the payment of alimony." [111 W. Va. at 330, 161 S.E. at 562]

> *Games* recognized that it was possible for a divorce court, under W.Va. Code, 48-2-15, to create a lien on the husband's real estate to effectuate the award of alimony—a position that the Court had earlier adopted in *Goff v. Goff*, 60 W.Va. 9, 53 S.E. 769 (1906).[3] However, *Games* makes clear that this particular statute was not designed to enable the divorce court to transfer title to real or personal property owned by one party to the other:

[3] Since 1963 a lien for support, maintenance or alimony has been largely controlled by statutes. *Code* 48-2-17 and -18.

" 'Alimony is not an estate, nor a portion of the husband's estate to be assigned to the wife as her own; but merely an allowance out of the husband's estate for the nourishment of the wife. It is payable out of his estate, real as well as personal; but the word never covers the estate itself. Accordingly, although the decisions are not harmonious, the weight of authority is to the effect that in the absence of express statutory authorization, a court possesses no power to vest in the wife the title to a portion of the husband's estate as an allowance of alimony.' " [111 W.Va. at 329, 161 S.E. at 561]

*Smith v. Smith, supra,* also serves to illustrate the type of effectuating order a divorce court can enter in conjunction with its award of support or alimony. There, the husband had been ordered to pay monthly support for his children. Upon his becoming in arrears, the wife sought a hearing and the court entered an order impounding as security for the payment of his support obligation a certified check the husband had in his possession. While this Court recognized that W.Va. Code, 48-2-15, gave the trial court the power to impound funds, it decided that under the particular facts it had abused its discretion.

*Murredu,* relied upon by the majority, does not sanction a divorce court's transfer of legal title to property. There, the husband and wife jointly owned the home property. The trial court had awarded exclusive possession of the home property to the spouse who had obtained custody of the children. The case had nothing to do with the transfer of legal title. Clearly, *State ex rel. Hammond v. Worrell, supra,* lends additional authority to the proposition that W.Va. Code, 48-2-15, contains no authorization to a divorce court to change the legal title to property. There, the divorce court was found to be without jurisdiction to entertain in the divorce suit a request for partition of real property owned jointly by the husband and wife.

The general rule elsewhere appears consistent with our prior case law that, absent some express statutory

provision, a divorce court is not empowered to transfer title of property from one spouse to the other. *See* Annot., 133 A.L.R. 860 (1941); 24 Am. Jur. 2d *Divorce and Separation* § 610; 27B C.J.S. *Divorce* § 291(1). This, of course, does not mean that a divorce court cannot act under W. Va. Code, 48-2-21, which permits restoration of property to its respective owner upon decreeing a divorce.[4] *Kinsey v. Kinsey*, 143 W.Va. 574, 103 S.E.2d 409 (1958).

I see no purpose to be gained by carving this peculiar exception for an automobile into our divorce law. There are many items of personal property that may be equally coveted and whose ownership or title could be transferred upon the erroneous theory adopted by the majority that the divorce court was making effectual the maintenance of the parties or their children.

I have been authorized to state that Justice Harshbarger joins with me in this dissenting opinion.

---

[4] H. Clark, Jr., *The Law of Domestic Relations* 450 (1968), discusses the difference between alimony and the court's right to divide property:

"The purposes and functions of alimony have already been described. They relate primarily to support for the wife, and, indirectly, for the children. The function of the order for a division of property is generally quite different.... In non-community property jurisdictions the purpose is to unscramble the ownership of property, giving to each spouse what is equitably his. The bare legal title to property acquired or accumulated by the spouses during marriage often does not correspond to their real rights in such property....

"[T]he court should consider such factors as how the property was originally acquired; whether gifts between the spouses were made; whose funds were used to purchase the property; how the property was used after it was acquired; whether the marriage partners had made agreements with respect to the property; and any other evidence relevant to a determination of equitable ownership...." [Footnotes in text omitted]

This is the transfer-of-property function of the trial court under W.Va. Code, 48-2-21. *Wood v. Wood*, 126 W. Va. 189, 28 S.E.2d 423 (1943); *Withrow v. Withrow*, 106 W. Va. 91, 144 S.E. 877 (1928). However, the wife in the present case made no claim that the car was hers by gift or obtained out of her earnings or by virtue of some other equitable reason.