394 S.E.2d 901

**Alvin FEIT**

v.

**Janie Marie FEIT.**

No. 19264.

Supreme Court of Appeals of West Virginia.

June 26, 1990.

---

David J. Romano and Mary L. Stealey, Romano & Dieringer, Clarksburg, for Janie Marie Feit.

Douglas A. Cornelius, Clarksburg, for Alvin Feit.

## PER CURIAM:

This is an appeal by Janie Marie Feit from an order of the Circuit Court of Harrison County which modified a divorce decree and which cancelled a right of the appellant to purchase her former husband's interest in a parcel of marital property. The circuit court also directed the appellant to cooperate in the sale of the property to a third party. On appeal, the appellant claims that the circuit court exceeded its legitimate powers by modifying the divorce decree and by directing her to sell her interest in the property. After reviewing the record, this Court agrees and reverses the decision of the circuit court.

By order dated December 22, 1987, the appellant and her husband, Alvin Feit, were divorced. The divorce decree established the interests of the parties in various parcels of marital property, including a 9.93 acre tract located on Twin Oaks Drive in Bridgeport, West Virginia. The court found that the Twin Oaks property was worth $124,000 and declared that the appellant had a 25% interest in it and that her husband a 75% interest. The court further provided that:

... said property should be forthwith listed with a licensed realtor/s and sold for $124,000 or such other amount as mutually agreed upon by the parties, and the net sale proceeds distributed as follows: 75% thereof to plaintiff Alvin Feit and 25% thereof to defendant Janie Marie Feit, or prior to said sale to a third party, either party may purchase the other one's interest in and to said property based upon the value and percentage of ownership set forth herein or at such other price mutually agreed upon by them to purchase the other party's interest therein. Defendant shall have the first option and opportunity to purchase plaintiff's interest therein. Said optional rights of either party to purchase the other one's interest in said property shall not delay the forthwith listing of said property with said realtor/s and attempts to sell said property to a third party.

Less than a month after entry of the divorce decree, the appellant, by letter of her counsel directed to her former husband's counsel, informed her former husband of her desire to purchase his interest in the Twin Oaks property.

On February 3, 1988, the attorney for the appellant's former husband informed appellant's counsel that Mr. Feit would not sell his interest in the property for $93,000, the amount for which the appellant was entitled to purchase her former husband's interest under the divorce decree, unless the appellant waived her right to alimony. He further indicated that Mr. Feit had received an offer from a third party to purchase the property for $140,000; that 75% of $140,000 was $105,000; and that Mr. Feit would accept $105,000 from the appellant.

On February 8, 1988, the appellant rejected her former husband's counter offer.

Over the following six months there was no further correspondence regarding the property. Then, by letter dated August 12, 1988, and by another letter dated September 27, 1988, the appellant, by counsel, again informed her former husband that she desired to exercise her right to pur-

chase the property. Her former husband replied on September 28, 1988, that he was opposed to the buy-out and that he intended to sell the property to a third party. He further asserted that the appellant's option to purchase had long expired and that the court's $124,000 appraisement figure was inadequate.

Following this exchange, the appellant's former husband petitioned the circuit court for an order to compel the appellant to cooperate in effecting a sale of the property to a third party. The appellant opposed the petition and on November 22, 1988, with the assistance of her son, Daren Feit, who agreed to co-sign her note, obtained financing from the Union National Bank to effectuate the buy-out.

A hearing was conducted on the appellant's husband's motion on November 23, 1988. At the conclusion of the hearing, the circuit court concluded that the appellant had taken no affirmative action to effectuate the purchase under her buy-out rights until just before the November 23, 1988 hearing. The court also reasoned that since the appellant's son had agreed to co-sign for the loan to be used by the appellant to purchase the property, the appellant's proposal to purchase actually involved a third party.

As a consequence of his conclusions, the circuit court judge, on January 19, 1989, entered an order which modified the prior decree of divorce and, in effect, deprived the appellant of her first option to purchase the property. The court also directed that the property be sold to a third party and that the net sale proceeds be distributed 25% to the appellant and 75% to her former husband.

■ In the present appeal, the appellant claims that the circuit court exceeded its legitimate jurisdiction granted by *W.Va. Code,* 48–2–15, when it modified the decree of divorce and ordered her to sell her 25% interest in the property.

In a number of cases this Court has indicated that a trial court's jurisdiction in divorce cases is purely statutory and that a trial court possesses no powers in cases involving matters of property beyond those specifically conferred by statute. *See, e.g., McKinney v. Kingdon,* 162 W.Va. 319, 251 S.E.2d 216 (1978); *State ex rel. Hammond v. Worrell,* 144 W.Va. 83, 106 S.E.2d 521 (1958).

Recently in *Segal v. Beard,* 181 W.Va. 92, 380 S.E.2d 444 (1989), the Court examined the jurisdictional power of a trial court to modify an order settling the property rights of the parties to a divorce:

In a divorce action, except when the rule is altered by statute, a judgment providing for, or approving the parties' agreement as to, the property rights of the respective parties—unlike a judgment governing alimony—may not be modified or vacated after it becomes final, in the absence of fraud, coercion, mistake or other grounds on which judgments in general may be modified or vacated. 27C C.J.S. *Divorce* § 594 (1986) (collecting cases from the approximately thirty jurisdictions deciding the issue). *See also* 2 H. Clark, *The Law of Domestic Relations in the United States* §§ 19.13, at 465–66, 16.1, at 179, and 17.6, at 275 (2d ed. 1987); 4 *Family Law and Practice* §§ 52.01[3][a], 52.04[1] (A. Rutkin gen. ed. 1987); 24 Am.Jur.2d *Divorce and Separation* §§ 958, 846 (1983). Stated more concisely, "[i]n the absence of statutory authorization to modify a judgment dividing marital property, the courts [acting as domestic relations courts] are without jurisdiction to do so." *Wardwell v. Wardwell,* 458 A.2d 750, 752 (Me.1983).

*Segal v. Beard, Id.* 181 W.Va. at 97–98, 380 S.E.2d at 449–50.

■ The statute granting a circuit court jurisdiction to affect marital property in a divorce proceeding, *W.Va. Code,* 48–2–15(e), places limitations on the authority of a court to modify a divorce decree allocating property after the decree has been entered. It, in relevant part, provides:

... the court may, where other means are not conveniently available, alter any prior order of the court with respect to the distribution of marital property, if such property is still held by the parties, and if necessary to give effect to a modi-

fication of alimony, child support or child custody or necessary to avoid an inequitable or unjust result which would be caused by the manner in which the modification will affect the prior distribution of marital property.

In *Segal v. Beard, Id.*, the Court concluded that, because of this statutory language, a trial court lacks jurisdiction to modify a divorce decree with respect to property when the modification does not involve alimony, child support, or child custody. In syllabus point 2, the Court summarized the rule as follows:

A circuit court lacks jurisdiction under *W.Va.Code*, 48–2–15(e) [1986] to modify a divorce decree when the modification proceeding does not involve alimony, child support or child custody.

In the *Segal* case, one party sought to change the periods of time during which the other party could use a condominium in Florida and also sought to hold the other party responsible for a portion of federal tax liability. This Court indicated that the changes which were being sought involved matters other than those affecting alimony, child support, or child custody and ruled that the trial court had no jurisdiction to consider them after entry of a final divorce decree.

In the present case, the trial judge in the final divorce order specifically granted the appellant the right to purchase her husband's interest in the Twin Oaks property for 25% of $124,000 unless the parties mutually agreed upon another price. This right was granted until the property was sold to a third party.

This Court believes that this provision granted the appellant a specific, valid, property right or claim. There is no indication that the trial court, in modifying this, did so in conjunction with an adjustment of alimony, child support, or child custody.

The record suggests that the appellant's husband initially attempted to avoid the legal effect of the provision on the ground that the option price was too low. At the time he did this, the trial court's order was plain as to the price the appellant had to pay to exercise the option. The court's

order was within the appeal period at that time. In spite of this, instead of appealing, the appellant's husband indicated that he had an offer from a third party to purchase the property for $140,000. He, however, did not then, or over the next several months, produce a purchaser willing to commit himself to purchase for that price.

When the appellant again attempted to purchase in August and September, 1988, the appellant's husband again claimed that the price was inadequate.

As indicated in *Segal v. Beard, Id.*, a trial court lacks jurisdiction to modify a property order when the modification does not involve alimony, child support, or child custody, and when the order itself is not tainted by fraud or some like circumstance. In the present case, the evidence fails to show that the trial court's action in any way involved alimony, child support, or child custody, or fraud or any like circumstance, and this Court believes that, under the rule in syllabus point 2 of *Segal*, the trial court lacked jurisdiction to terminate the appellant's purchase right.

This Court is not deterred in reaching this ruling by the fact that the appellant's son agreed to co-sign the appellant's note. The trial court concluded that because of this circumstance the appellant's proposal to purchase involved a third-party purchaser. This Court believes that agreeing to co-sign a note entails a legal undertaking wholly different from offering and agreeing to purchase a parcel of property. There is no evidence whatsoever that the appellant's son was independently willing or able to purchase the property or that he desired to do so.

For the reasons stated, this Court believes that the trial court lacked jurisdiction to modify its final decree and to abrogate the appellant's purchase right, the judgment of the Circuit Court of Harrison County is reversed and this case is remanded with directions that the circuit court reinstate the appellant's right to purchase her husband's interest in the Twin Oaks property for 75% of $124,000 and that the

court afford the appellant the opportunity to exercise the option.

Reversed and remanded with directions.