## John Quinlon v. Ebenezer H. Rogers.

*Constitutional law: Tax titles.*—The provision in the tax law of 1858, authorizing proceedings before a circuit court commissioner to test the validity of tax titles, having been declared unconstitutional (*Waldby v. Callendar,* 8 *Mich.* 430), the further provision that a tax deed recorded two years shall be conclusive, falls with it.

*Heard May 26th and 27th. Decided December 5th.*

QUINLON v. ROGERS.

Error to Wayne Circuit, where Rogers brought eject-ment to recover certain premises in the city of Detroit. These premises were sold in 1854 for delinquent State and county taxes of 1853, and bid in by the State, and were subsequently re-sold by the State in 1855 to the plaintiff, and a deed given therefor April 17, 1856. Under this deed, which was recorded in the office of the register of deeds April 24, 1856, the plaintiff claimed title. The suit was commenced more than two years after the recording of the deed.

On the trial in the Circuit Court Quinlon offered evi-dence to show that the amount of tax for which the land was sold was materially larger than was authorized by law; but the Circuit Judge held that it was inadmissible to controvert the plaintiff's title under the said deed; and the plaintiff had judgment in his favor.

*E. C. Hinsdale*, for plaintiff in error, argued the fol-lowing positions:

1. That neither the 89th nor 124th sections of the Tax law of 1858 apply to this deed, but only to such as should, after the passage of the act, be executed by the Auditor General.

2. If they do apply to deeds given before, they are so connected with section 101 of the same statute, which has been declared unconstitutional (*Waldby v. Callendar*, 8 *Mich.* 430), as to fall with it; 5 *Ohio St. R.* 497; 2 *Gray*, 84, 99.

3. That the provisions in question are unconstitutional, because depriving owners of their property without due process of law; 2 *Dall.* 310; 18 *Johns.* 442.

4. They are also unconstitutional because an exercise of judicial power. They declare, *first*, in substance, that certain deeds of the Auditor General shall be perfect and indefeasible titles: and *second*, that all opposing titles,

12 Mich.—L.

QUINLON v. ROGERS.

from any other source, however valid and legal, shall be null and void. See 10 *Yerg.* 59; 1 *Chip.* 237; 5 *Humph.* 165.

*Wells & Hunt* and *T. Romeyn* for defendant in error, among other things, argued that section 124 establishes a new rule of evidence, giving to a recorded deed after the lapse of two years an effect as evidence that it had not before. This was clearly within the power of the Legislature, whether the deed was recorded before or after the passage of the act:—3 *Pet.* 280; 2 *Kern.* 541; 13 *How.* 472; 15 *Ark.* 338; 7 *Ark.* 428; 21 *How.* 338; 1 *Scam.* 335; 2 *Mich.* 495; 2 *Gilm.* 473; 4 *Gilm.* 58; 39 *N. H.* 304; 14 *La. An.* 853; 18 *Johns.* 441; 11 *Ill.* 420; *Har. Ch.* 3. The section was an amendment to the law of 1853, and its effect is to give the defendant two years after the passage of the act within which to contest the legality of the Auditor's deed;—1 *Hill,* 324; 7 *Ind.* 91; 7 *Ind.* 468; 2 *Doug. Mich.* 307; 2 *Ind.* 486.

They also argued that section 101, which was declared unconstitutional, did not apply to lands which had been bid in by the State.

BY THE COURT:

The Legislature in making the rule that a deed recorded two years should be conclusive, did not design to leave parties without the means of testing it in the mean time. The remedy they provided was held void in *Waldby v. Callendar.* There is no other adequate remedy, and we think the whole statute was designed to go together; so that, the remedy failing, the whole provision falls with it.

Judgment reversed, with costs, and a new trial ordered.