LULA C. JONES, Respondent, *v.* LEWIS JONES et al., Appellants.

The necessity of an order of the Court of Common Pleas of the city of New York, allowing an appeal to this court as required by the Code of Civil Procedure (§ 190), was not dispensed with by the act of 1886 (chap. 418, Laws of 1886), in reference to appeals from judgments of the General Term of the City Court; as the main object of the act, which is to dispense with appeals from such judgments to the Court of Common Pleas, has failed because unconstitutional, and as all the provisions are connected, being parts of a single scheme, the incidental provision must fail also.

(Submitted November 23, 1886; decided January 18, 1887.)

THIS was a motion to dismiss an appeal, the nature of which is stated in the opinion.

*Wm. W. Badger* for motion. As the object sought to be accomplished by the act of 1886, chapter 418, wholly failed, the act is therefore void for all purposes. (*In re Middletown*, 82 N. Y 202; *Rochester* v. *Briggs*, 50 id. 566; Cooley on Const. Lim. 178; *Webb* v. *Mayor, etc.*, 64 How. Pr. 10.)

*Wm. Gibson Jones* opposed.

RAPALLO, J. In this case the defendants took an appeal from the judgment of the General Term of the City Court of New York to the Court of Common Pleas of the city and county of New York, where the judgment was affirmed after the passage of chapter 418 of the Laws of 1886. From this judgment of affirmance the defendant appealed to this court, without first obtaining leave from the Court of Common Pleas to appeal, as required by section 190 of the Code, and the respondent now moves, on that ground, to dismiss the appeal.

The appellants contend that, although the act of 1886 is held to be unconstitutional in so far as it dispenses with an appeal to the Court of Common Pleas, it should still be held valid and effectual in so far as it has the effect of dispensing with the necessity of an order of the Court of Common Pleas allowing an appeal from its judgment.

After giving the point due consideration, we have concluded that the main object of the act of 1886 having failed, we should not divide it into parts, and sustain the portion which is claimed to obviate the necessity of an order allowing the appeal, but that all the provisions are connected as parts of a single scheme, and that the incidental provisions must fall with the failure of the main purpose of the act.

An order allowing the appeal was, consequently, necessary, and for want of such an order the appeal should be dismissed, but without costs.

All concur.

Appeal dismissed.