## F. H. McDermont *vs.* John Dinnie, *et al.*

Opinion filed November 23rd, 1896.

### Constitutional Law—Abolition of Court.

> When the constitution creates a judicial office and court, and prescribes the jurisdiction of such court, neither the office nor the court can be abolished by statute, nor can the jurisdiction of such court as to amount involved be diminished or increased by the legislature.

### Police Magistrates of Constitutional Creation.

> Section 2209, Rev. Codes, undertook to supercede the police magistrates and their courts, provided for by § 113 of the state constitution, by the municipal courts therein established, which last named courts were given all the powers and jurisdiction of such police magistrates, and, in addition thereto, other jurisdiction not mentioned in said section of the constitution. *Held*, that said § 2209, Rev. Codes, is unconstitutional and void.

### Mandamus—Questions Determined.

> In an application by a party elected as judge of the municipal court under said section for a mandamus against the mayor and auditor of the city where such party was so elected judge, to compel the issuance of city warrants for the salary of such judge, *held*, that the defendants could properly raise the question of the constitutionality of said section. The writ cannot be invoked to compel an officer to do an unlawful act.

Appeal from District Court, Grand Forks County; *Templeton*, J.

Application by F. H. McDermont against John Dinnie, as mayor, and Frank A. Brown, as city auditor, of the City of Grand Forks, for a writ of mandamus. From a judgment for plaintiff, defendants appeal.

Reversed.

*Bangs & Fisk*, for appellants.

The jurisdiction attempted to be conferred upon municipal courts, cannot be conferred under the constitution. Sections 85, 113, Const. The powers of police magistrates are expressly conferred, defined and enumerated in the constitution and this jurisdiction cannot be wiped out or superceded by legislation. *Platteville* v. *Bell*, 28 N. W. Rep. 404; *United States* v. *Hudson*, 7 Cranch. 32; *Marbury* v. *Madison*, 1 Cranch. 137; Pomeroy Const. Law, 760;

Cooley Const. Lim. 27, 100; Endlich on Interpretation, §§ 151, 522; *California* v. *S. P. Ry. Co.*, 157 U. S. 229. Where a constitutional provision is self executing and needs no legislation to give it full force and operation, it controls in the matter and no legislative act can modify, repeal or affect it. This principal has been applied in many cases to provisions creating courts and defining their powers. *Peo.* v. *Bradley*, 60 Ill. 370; *Ex parte Snyder*, 64 Mo. 58; *Miller* v. *Wheeler*, 33 Neb. 765, 51 N. W. Rep. 137; *State* v. *Hall*, 66 N. W. Rep. 642; *Sevinsky* v. *Wagus*, 76 Md. 335; *Campbell* v. *Campbell*, 22 Ill. 664.

*Burke Corbet* and *Tracy R. Bangs*, for respondent.

BARTHOLOMEW, J. Section 2209 of the Revised Codes reads as follows: "A municipal court is hereby established in each incorporated city of this state, having a population of five thousand inhabitants or over. Such municipal courts shall have in addition to the jurisdiction hereinafter conferred, exclusive jurisdiction of all violations of ordinances of the city in which it is established and from the time of its creation all the jurisdiction and the powers heretofore exercised by police magistrates in such cities shall cease. Such court shall be a court of record and have a clerk and a seal, and its jurisdiction shall be coextensive with the limits of the county in which such city is situated. In actions in which there are two or more defendants, if one defendant is served with process within the county, the other defendants may be served at any place within the state." Section 2210 reads: "Such court shall exercise such jurisdiction as is or may hereafter be conferred by law in civil and criminal actions upon county courts having increased jurisdiction, and in addition thereto it shall have and exercise the same jurisdiction as is now conferred upon police magistrates and justices of the peace." Section 2213 reads: "A judge of such court shall be elected by the qualified electors of such city at the general city election held in April, 1896, and thereafter at the general election for city officers in each even numbered year, and the person receiving the highest

number of votes at such election, shall be declared duly elected."
At the city election held in the City of Grand Forks, in Grand
Forks County on April 6, 1896, the electors voted for judge of
the municipal court of said city, and the plaintiff, McDermont,
received a majority of the votes so cast. Subsequently, and
within the time required by law, he took the oath of office, and
tendered to the city council his bond as such judge, and thereafter
at the end of each month he presented to the proper city officials
the necessary vouchers for his salary as such judge. The city
officials refused to draw any warrants for such salary, and this
proceeding is brought to compel by mandamus the issuance of
such warrants; the defendants being the mayor and auditor of
said City of Grand Forks. The defendants answered, raising
certain questions of fact as to the qualifications of the city, under
the statute, to elect such judge, and also alleging the unconstitu-
tionality of the statute creating the office. The matter was tried
by the court, and plaintiff prevailed. The entire evidence and
proceedings are brought to this court for review. We shall con-
cern ourselves only with the constitutional questions raised.

Section 85 of our state constitution reads: "The judicial
power of the State of North Dakota shall be vested in a
Supreme Court, District Courts, county courts, justices of the
peace, and in such other courts as may be created by law for cities,
incorporated towns and villages." Section 110 provides for the
establishment of county courts, and § 111 prescribes the jurisdic-
tion of such courts, and provides the manner in which such
jurisdiction may be increased by a vote of the electors of the
county, and declares that, when such jurisdiction is so increased,
"then said county court shall have concurrent jurisdiction with
the District Court in all civil actions where the amount in con-
troversy does not exceed one thousand dollars, and in all criminal
actions below the grade of felony, and in case it is decided by the
voters of any county to so increase the jurisdiction of said county
court the jurisdiction in case of misdemeanors arising under state
laws which may have been conferred upon police magistrates

shall cease." Section 112 provides for the election of justices of the peace, limits their numbers, prescribes their jurisdiction, and declares: "The legislative assembly shall have power to abolish the office of justice of the peace and confer that jurisdiction upon judges of county courts or elsewhere." Section 113 reads: "The legislative assembly shall provide by law for the election of police magistrates in cities, incorporated towns, and villages, who in addition to their jurisdiction of all cases arising under the ordinances of said cities, towns and villages, shall be *ex-officio* justices of the peace of the county in which said cities, towns and villages may be located. And the legislative assembly may confer upon said magistrates the jurisdiction to hear, try and determine all cases of misdemeanors, and the prosecutions therein shall be by information." It will be observed that police magistrates and their courts are provided for and established by the constitution. This being the case, the legislature is powerless to legislate the one or the other out of existence. This proposition is admitted in terms by the counsel for respondents, and, being elementary, no authorities need be cited. The term "police magistrate" or "police justice" has a definite and well-understood meaning. Allen, J., in *Wenzler* v. *People,* 58 N. Y. 530, thus defines it: "A police justice is a magistrate charged exclusively with the duties incident to the common-law office of a conservator or justice of the peace, and the prefix 'police' serves merely to distinguish them from justices having also civil jurisdiction." A police magistrate is an inferior judicial magistrate, whose jurisdiction in the absence of constitutional or statutory extensions, is confined to criminal cases arising under the ordinances and regulations of a municipality. Hence a court presided over by such magistrate was never a court of record, never had a seal, or was entitled to a clerk. It will be observed, also, that § 113 of the constitution confers absolutely upon police magistrates a certain jurisdiction, to-wit: jurisdiction of all cases arising under the ordinances of said cities, towns, and villages, and also the jurisdiction of county justices of the peace. It is then left to

the discretion of the legislature whether or not they shall also have jurisdiction to try and determine all cases of misdemeanors. Section 2209, Rev. Codes, declares that, when municipal courts therein provided for are established, all the jurisdiction and powers exercised by police magistrates shall cease. The learned counsel admit—they are forced to admit—that this act, in so far as it tears down all the jurisdiction and powers of the former police magistrates, is unconstitutional unless the statute rehabilitates the same officer under another name. It is urged that the name is not essential, but it is the office. This may be true, but it seems too clear for discussion that the office—the same officer, in effect—is not preserved. The one magistrate presides over a court not of record, the other is of record; the one could have no seal, the other must have a seal; the one has no clerk, the other must have a clerk. Again, police magistrates were given by the constitution the jurisdiction of justices of the peace. This included the power to try and determine civil cases where the amount in controversy did not exceed $200. This jurisdiction the legislature might destroy, because it had the power to abolish the office of justice of the peace under the constitution. But the legislature could not increase this civil jurisdiction by extending it to cases involving amounts beyond the constitutional jurisdiction given to justices of the peace. It is well settled that, where jurisdiction is conferred by constitution, the legislature is as powerless to increase it as to diminish it. Yet the municipal courts, created by this statute are given in counties where the county courts have the increased jurisdiction, power to try and determine civil cases involving $1,000 or less,—a power which could never have been exercised by the police magistrates created by this constitution. These reasons—and others might be named—make it very certain that the court created by § 2209, Rev. Codes, is not the same court, either in its name, its construction, its rank, its nature, or its purposes, as the court created by § 113 of the constitution. Hence it cannot supersede that court, but the constitutional court must continue, and must exercise the jurisdiction expressly conferred upon it by organic law.

It is urged, however, that the legislature is given power, under § 85 of the constitution, to establish other courts for cities, towns, and villages, and that the creation of the municipal courts by § 2209, Rev. Codes, may be treated as an exercise of that power, and as not interfering with the police magistrates' courts, and at most only creating another court with concurrent jurisdiction along certain lines. This would raise the somewhat interesting question whether or not, where a court is created by constitution and given certain jurisdiction, such jurisdiction is not exclusive. But we are not required to meet this question, because we do not think the position taken by counsel can be sustained. It is clear to us that it was not the legislative intent, by the enactment of § 2209, to increase the number of courts. That section expressly declares that the municipal court therein created shall have "exclusive jurisdiction of all violations of ordinances of the city in which it is established, and from the time of its creation all the jurisdiction and the powers heretofore exercised by police magistrates in such cities shall cease." This is a grant, not of concurrent, but of exclusive jurisdiction, and by the language of the statute the magistrates of the constitution are swept out of existence. Undoubtedly, the legislature, under § 85 of the constitution, might create additional courts for cities, incorporated towns, and villages; but it cannot abolish those established by the constitution. In the oral argument it was urged that, granting that the statute creating the municipal courts was unconstitutional in so far as it attempted to abolish or supersede police magistrates, still that portion might be eliminated, and the remainder stand as a valid and subsisting law. In many cases statutes have been thus destroyed in part and upheld in part. But that can only be done where the statute remaining after the elimination of the unconstitutional portion is in itself a complete law, capable of enforcement, and such a one as it is presumed the legislature would have passed without the rejected portions. If the different portions of the statute are so interwoven and interdependent that the rejected portion furnishes to an appreciable

extent the consideration or inducement for the passage of the act, then the entire enactment must be rejected. These principles are well settled. *Quinlon* v. *Rogers*, 12 Mich. 168; *State* v. *Sinks*, 42 Ohio St. 345; *People* v. *Porter*, 90 N. Y. 68; *Jones* v. *Jones*, 104 N. Y. 234, 10 N. E. Rep. 269; *Martin* v. *Tyler*, 4 N. D. 278, 60 N. W. Rep. 392; *State* v. *O'Connor*, 5 N. D. 629, 67 N. W. Rep. 824. Under these anthorities we are clear that this entire statute must fall. As we have seen, it was not the legislative purpose to create an additional court, but it was the intent to abolish one court and substitute another. If the court of the police magistrate remains undisturbed, then that court and the county court with increased jurisdiction have full power to hear and determine all cases that could be heard in the municipal court. It is not pretended, and cannot be, that these courts are overcrowded, or unable to perform all the work that comes before them. These established constitutional courts must be maintained, and it is not conceivable that the legislature intended to burden our young municipalities with a purely ornamental court, with officers and attaches drawing large salaries that must be paid from the funds of the municipalities. It is clear that the abolishment of the police magistrate's court with its attendant expenses was the direct inducement for the establishment of the municipal courts.

Nor is there, in our judgment, any force in the point that these defendants cannot raise the question of the unconstitutionality of this statute. They are municipal officers, charged by their oaths of office with the duty of protecting the funds of the municipality. It would be a violation of their official duty should they proceed to pay out the funds of the city upon unwarranted and illegal claims. The writ cannot be invoked to compel an officer to do an illegal act. *State* v. *Getchell*, 3 N. D. 243, 55 N. W. Rep. 585.

The District Court of Grand Forks County will set aside its order herein, and will enter an order discharging the alternative writ and dismissing the proceeding. All concur.