# CHARLESTON.

ROBINSON, ADMR. v. CHARLESTON INTERURBAN RAILROAD CO.

Submitted April 18, 1917.    Decided April 24, 1917.

1. COURTS—*Appellate Jurisdiction—Constitutional Provisions.*

Section 19 of article 8 of the constitution authorizes the legislature to create courts of limited jurisdiction with the right of appeal therefrom to the circuit courts. Section 12 of said article confers upon the circuit courts appellate jurisdiction in all cases, civil and criminal, where an appeal, writ of error or supersedeas may be allowed to the judgments or proceedings of any inferior tribunal. By virtue of these provisions of the constitution the right to review by appeal, writ of error, certiorari, or other appellate process, the judgments, decrees or proceedings of such inferior courts as may be created by the legislature, is exclusively vested in the circuit courts, and it is not competent for the legislature to provide for the exercise of such appellate jurisdiction by any other tribunal. (p. 291).

2. SAME.

Section 22 of chapter 109 of the Acts of the Legislature of 1915, providing for appellate process from the Supreme Court of Appeals

to review the judgments, decrees or proceedings of the Court of Common Pleas of Kanawha County, is unconstitutional and void. (p. 294).

Error to Court of Common Pleas, Kanawha County.

Suit by Flora Robinson, administratrix, against the Charleston Interurban Railroad Company. Judgment for plaintiff, and defendant brings error.

*Writ of error dismissed.*

*Chilton, MacCorkle & Chilton* and *T. S. Clark,* for plaintiff in error.

*Frank C. Burdett, S. C. Burdett* and *John Baker White,* for defendant in error.

RITZ, JUDGE:

The jurisdiction of this court to entertain this writ of error to a judgment of the court of common pleas of Kanawha county is challenged by a motion to dismiss the same as having been improvidently awarded. The court of common pleas of Kanawha county is a court of limited jurisdiction created by chapter 109 of the Acts of the Legislature of 1915. Section 22 of said act is as follows: "Any party aggrieved by the judgment, decree or order of the court of common pleas as to any matter in which an appeal or writ of error shall lie to the circuit court under section seventeen of this act, may, if the matter be one of which the supreme court of appeals has jurisdiction, present his petition with a transcript of the record, to the supreme court of appeals, or to a judge thereof in vacation, for an appeal, writ of error and supersedeas, without having first presented the same to the circuit court or the judge thereof; and the supreme court of appeals may award and proceed with the same in like manner and with like effect as in the case of a judgment, decree or order of the circuit court."

The power of the legislature to pass this section of the act is challenged upon the theory that the same is in violation of sections 12 and 19 of article 8 of the Constitution. Section 12 of article 8 of the Constitution is as follows: "The circuit court shall have the supervision and control of

all proceedings before justices and other inferior tribunals, by mandamus, prohibition and certiorari. They shall, except in cases confined exclusively by this constitution to some other tribunal, have original and general jurisdiction of all matters at law where the amount in controversy, exclusive of interest exceeds fifty dollars; of all cases of habeas corpus, mandamus, quo warranto, and prohibition; and of all cases in equity, and of all crimes and misdemeanors. They shall have appellate jurisdiction in all cases, civil and criminal, where an appeal, writ of error or supersedeas may be allowed to the judgment or proceedings of any inferior tribunal. They shall also have such other jurisdiction, whether supervisory, original, appellate, or concurrent, as is or may be prescribed by law.''

Section 19 of that article provides for the creation of courts of limited jurisdiction, and is as follows: ''The Legislature may establish courts of limited jurisdiction within any county, incorporated city, town or village, with the right of appeal to the circuit court, subject to such limitations as may be prescribed by law; and all courts of limited jurisdiction heretofore established in any county, incorporated city, town or village, shall remain as at present constituted until otherwise provided by law. The municipal court of Wheeling shall continue in existence until otherwise provided by law, and said court and the judge thereof, shall exercise the powers and jurisdiction heretofore conferred upon them; and appeals in civil cases from said court shall lie directly in the supreme court of appeals.''

It is contended that in as much as the jurisdiction of all cases, civil and criminal, where an appeal, writ of error or supersedeas may be allowed to the judgments or proceedings of any inferior tribunal, is in the circuit courts, by virtue of section 12, article 8 of the constitution, it is not competent for the legislature to abridge this jurisdiction so conferred upon the circuit courts and confer it in whole or in part upon another court or tribunal. Undoubtedly under the provisions of section 19 of article 8 of the constitution above quoted the legislature had the power to create a court of limited jurisdiction for Kanawha county such as was created

by chapter 109 of the Acts of 1915, but upon the creation of this court the provision of section 19 of that article, giving the right of appeal from such court to the circuit court immediately became applicable. The provisions of section 12 of article 8 likewise became applicable and conferred upon the circuit court of Kanawha county the jurisdiction to review by writ of error, appeal or certiorari all judgments or proceedings of the court of common pleas. Can the legislature confer this jurisdiction upon some other court? The jurisdiction of the circuit courts of the state given it by these provisions of the constitution are as much its right and power as the original jurisdiction granted to it by the constitution, and if the legislature can confer this jurisdiction upon some other tribunal, where there is no constitutional provision expressly allowing it to do so, it can take away from the circuit courts all of their jurisdiction by conferring the same on other tribunals, or on the Supreme Court of Appeals. If the legislature can provide for appellate process from the Supreme Court of Appeals to the judgments or decrees of a court of limited jurisdiction, it has exactly the same power to provide for the review of the judgments of justices of the peace by such appellate process, and an act providing for an appeal or writ of error from a judgment of a justice of the peace to the Supreme Court of Appeals would be subject to no more criticism or objection than the act involved here, for the reason that the jurisdiction conferred upon the circuit courts of such appellate proceedings is the same in both cases. It is very generally held that a constitutional provision conferring jurisdiction upon a particular court cannot be abridged or that court deprived of any part of that jurisdiction by a legislative act. 11 Cyc. 706. The will of the people expressed in the constitution will not be overridden by an act of the legislature in opposition thereto.

In *Public Service Electric Co.* v. *Board of Public Utilities,* 88 N. J. L. 603 (96 Atl. 1013), it was held that the legislature could not impair the jurisdiction of a constitutional court by preventing its exercise or creating a cor-ordinate authority.

In *Attorney General* v. *Lacy,* 180 Mich. 329, an act creat-

ing a court of domestic relations was held to be unconstitutional to the extent that it conferred jurisdiction upon such newly created court, which jurisdiction was by the constitution conferred upon the circuit courts, it being held that the legislature has not the power to diminish or deprive a court created by the constitution of any of the jurisdiction given to it by the organic law.

The holding was the same in the case of *State* v. *Mansfield*, 89 Ohio .St. 20; *State ex rel. Cave* v. *Tincher*, 258 Mo. 1; *Nichols* v. *Judge of Superior Court*, 130 Mich. 187; *Allen* v. *Kent Circuit Judge*, 37 Mich. 474; *McDermont* v. *Dinnie*, 6 N. D. 278; *Pate* v. *Railroad Co.*, 122 N. C. 877; *In the Matter of the Assignment of Judges to Hold District Courts*, 34 Ohio St. 431; *Commonwealth* v. *Green*, 58 Pa. St. 226; *In re Division of the Township of 'Bern*, 115 Pa. St. 615; *DeHart* v. *Hatch*, 3 Hun. 375; *People* v. *Howland*, 45 N. Y. Supp: 347; *Alexander* v. *Bennett*, 60 N. Y. 204; *Schalk* v. *Wrightson*, 58 N. J. L. 50; *Johnson* v. *State*, 59 N. J. L. 535.

In the case of *Flanigan* v. *Guggenheim Smelting Company*, 63 .N. J. L. 647, it was held that the legislature could not confer upon the Court of Errors and Appeals of the State of New Jersey jurisdiction which was conferred upon the supreme court by the constitution. The supreme court in the State of New Jersey corresponds with our circuit courts, and the Court of Errors and Appeals is the court of last-resort, so that that case presented a question similar to the one presented here.

In *Zander* v. *Coe*, 5 Cal. 231, it was held that it was not competent for the legislature to confer on one court any of the jurisdiction conferred on another by the constitution.

That section 12 of article 8 of the constitution confers upon circuit courts jurisdiction to review by appeal, writ of error or cértiorari, judgments, decrees, or proceedings of all inferior courts, and particularly such courts as may be created by the legislature under section 19 of that article, is clear. There is no authority in the constitution empowering the legislature to confer this jurisdiction upon any other court, or to permit its coordinate exercise by another tribunal. This being true, the circuit court of Kanawha county

has exclusive jurisdiction to review by appeal, writ of error or other appellate process the judgments, decrees or proceedings of the Court of Common Pleas of Kanawha County, and the act of the legislature providing for the coordinate exercise of this jurisdiction by the Supreme Court of Appeals is to that extent in violation of the constitution and void.

The motion to dismiss the writ of error herein is sustained.

*Writ of error dismissed.*