STATE OF WEST VIRGINIA

*v.*

CHARLES HUGHES DAVIDSON

(No. 10251)

Submitted on Motion to Dismiss April 28, 1950.
Decided May 9, 1950.

*M. O. Litz, J. N. Harman,* for plaintiff in error.

*William C. Marland,* Attorney General, *Eston B. Stephenson,* Assistant Attorney General, for defendant in error.

GIVEN, JUDGE:

Charles Hughes Davidson was indicted for a felony by a grand jury of the Criminal Court of McDowell County and after a plea of not guilty was convicted by a jury. Judgment was rendered on the verdict by that court on the 8th day of February, 1949. A petition for a writ of error and supersedeas was presented to the circuit court of that county, which court rejected the petition, and entered an order to that effect on the 31st day of August, 1949. On January 16, 1950, more than four months after the entry of that order, defendant filed his petition in this Court, assigning sixteen points of error, praying for a writ of error and supersedeas to the order of the circuit court. The case is here on writ of error and supersedeas granted by this Court. The State has filed its motion for dismissal of the writ as having been improvidently awarded. The Court's disposition of this motion makes it unnecessary to consider the assignments of error.

The position of the State upon the motion is that the petition for writ of error and supersedeas should have been filed in this Court within four months from the time of the entry of the order of rejection of the circuit court, relying upon the provisions of Article 4 of Chapter 58 of the Code. That article deals exclusively with "Appeals from Courts of Record of Limited Jurisdiction". Section 1 thereof provides that "An appeal from, or writ of error or supersedeas to, any judgment, decree or order of any court of record of limited jurisdiction" may be awarded

by the circuit court of the county in the instances therein provided. Section 3 thereof provides that any person who is a party to "any controversy" in a court of record of limited jurisdiction may present a petition for a writ of error and supersedeas to the circuit court of that county. Section 4 requires that such petition be filed with the circuit court within four months from the date of the final order entered by a court of record of limited jurisdiction. Section 7 thereof provides for appeals and writs of error to this Court in cases where the circuit court has rejected an appeal or writ of error from a court of record of limited jurisdiction. The applicable parts of Section 7 are: "The circuit court or the judge thereof, upon consideration of the petition, shall enter an order granting or refusing it. * * * but in any case where the circuit court or judge rejects the petition, the petition and order of rejection, together with the record of the cause, may, within four months from the date of the order of rejection, be presented to the supreme court of appeals, * * * for an appeal from, or writ of error or supersedeas to, such order of rejection, * * *".

The position of the defendant is that Article 5 of Chapter 58 provides an additional or alternative method for obtaining a writ of error or supersedeas from this Court to an order of a circuit court rejecting an appeal from or writ of error to a court of record of limited jurisdiction, and that the time in which the petition therefor may be filed in this Court, under the additional or alternative method, is eight months. Section 1 of Article 5 limits appeals and writs of error of this Court to "a controversy in any circuit court", and to the character of cases therein designated. Section 3 provides that "a party to such controversy, * * * may present a petition * * *" to this Court for an appeal or writ of error. Section 4 reads:

> "No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order, whether the State be a party thereto or not, which shall have been rendered or made more than eight months before such petition is presented."

Article 4 of Chapter 58 first appeared in the official Code of 1931. The Revisers' Note indicates that it was intended to supersede Section 8 of Chapter 114-A of the 1923 Code. That section contained provisions to the effect that appeals from courts of limited jurisdiction should be had in the manner required for appeals from circuit courts to this Court and that in certain proceedings appeals would lie to this Court direct from the court of limited jurisdiction. That section, in so far as it related to appeals direct to this Court from courts of limited jurisdiction, was declared unconstitutional by this Court in *Robinson* v. *Charleston Interurban Railroad Co.*, 80 W. Va. 290, 92 S. E. 441. See *State* v. *Corbin*, 117 W. Va. 241, 186 S. E. 179. That note also advises that Article 4 was based partly upon the procedure provided by special acts creating courts of limited jurisdiction and partly upon the provisions of Code, 58-5. This clearly indicates, we believe, that it was not intended that the provisions of Code, 58-5, were to remain applicable to the same subject matters specifically dealt with in Code, 58-4. In *Elite Laundry Co.* v. *Dunn*, 126 W. Va. 858, 30 S. E. 2d 454, this Court had occasion to consider Article 4 as applied to petitions for appeals and writs of error from a court of record of limited jurisdiction to a circuit court, and there held that the petition must be filed in the circuit court within four months from the time of the entry of the final decree, order or judgment of the court of limited jurisdiction. Under the provisions of Code, 58-5, petitions for appeals and writs of error to this Court are limited to eight months as to a "controversy" in the circuit court. To hold that a party to a "controversy" in a court of record of limited jurisdiction has eight months to apply to this Court for an appeal from or writ of error to an order of the circuit court rejecting an appeal or writ of error in that court would mean such party would have twelve months to reach this Court on such a petition. Remembering that only one record is required in either case, there would seem to be no valid reason for such a difference. The provisions of Article 5 seem clearly to relate only to appeals, writs of error and supersedeas from or to "controversies" heard and decided in a circuit court.

Reading together the applicable provisions of Articles 4 and 5, we are of the opinion that only one method is provided for an appeal, writ of error or supersedeas to this Court as to a controversy decided in a court of record of limited jurisdiction wherein the circuit court has rejected a petition for an appeal from, or writ of error or supersedeas to, a final decree, order or judgment of a court of record. It is clear that a petition for an appeal from, or writ of error or supersedeas to, a final decree, order or judgment of a court of record of limited jurisdiction, must be filed in the circuit court within four months from the entry of the final decree, order or judgment by the court of limited jurisdiction. *Elite Laundry Co.* v. *Dunn, supra.* We believe it also clear that, where a circuit court has rejected such a petition from a court of record of limited jurisdiction, the time for filing a petition in this Court for an appeal from, or writ of error or supersedeas to, the order of rejection, is limited to four months. This brings into accord the several applicable provisions of Articles 4 and 5 relating to the time for the filing of such petitions in this Court. It affords petitioners the same period of time in which to reach this Court, whether the controversy was one in the circuit court or one in a court of limited jurisdiction. Of course, if the controversy is in a court of limited jurisdiction, it is required that the petition be filed in the circuit court within four months from the time of the entry of the final decree, order or judgment and, if rejected, it must be filed in this Court within four months from the time of the entry of the order of rejection.

The petition for the writ of error and supersedeas granted herein not having been filed in this Court within four months from the time of the entry of the order of rejection by the circuit court of McDowell County, we necessarily conclude that the motion to dismiss the writ granted herein as having been improvidently awarded, must be sustained.

*Writ of error and*
*supersedeas dismissed.*