MARY KINSEY

*v.*

JOE A. KINSEY

(No. 10938)

Submitted April 29, 1958. Decided May 20, 1958.

*Tom T. Baker,* for appellant.

*Leonard A. Shawkey,* for appellee.

BROWNING, JUDGE:

Mary Kinsey brought this suit for divorce in the Domestic Relations Court of Cabell County alleging physical and mental cruelty on the part of the defendant, Joe A. Kinsey, and praying for: A decree of divorce; temporary and permanent alimony; temporary and permanent custody and control of the two infant children; temporary and permanent support and maintenance for the infant chil-

dren; an order requiring defendant to vacate the family residence; temporary and permanent use of the furniture, household items and automobile; court costs and counsel fees; and for general relief.

The preponderance of the evidence establishes the charge of cruelty and shows that plaintiff, from part time labor had accumulated some savings, and had some income, with which she paid the major portion of the purchase price of the automobile, and, though the original household furnishings had been purchased by defendant, nearly all of those furnishings had been traded in and replaced with new furnishings on which the plaintiff made the payments from her own funds.

The Domestic Relations Court of Cabell County entered a decree on July 11, 1956, granting the plaintiff a divorce and awarded her: The custody of the children; $20.00 weekly for the support and maintenance of the children and $15.00 weekly as alimony; the household furnishings and automobile as her sole property and required the defendant to assign the title to the automobile; and, the exclusive use of the family residence, defendant to "assume and pay that certain indebtedness evidenced by a Promissory Note and secured by a Deed of Trust * * * in the amount of thirty-six dollars ($36.00) each and every month until the indebtedness is fully paid."

Defendant, on October 5, 1956, filed his petition in the Circuit Court of Cabell County for an appeal from the decree of July 11, 1956, which appeal was granted on December 14, 1956. After argument and briefs by counsel, the Circuit Court, on April 12, 1957, entered judgment, affirming the decree of July 11, 1956, and remanded the cause to the Domestic Relations Court. Thereafter, the defendant filed his petition in this Court on September 6, 1957, for an appeal from the judgment of the Circuit Court of Cabell County of April 12, 1957, which appeal was granted by this Court on November 25, 1957.

Errors assigned in this Court deal solely with the disposition of property in the decree of July 11, 1956, and the

action of the Circuit Court in affirming such decree. However, a preliminary question as to the jurisdiction of this Court to consider this appeal under the provisions of Chapter 58, Article 4, of the Code, has been raised, and has been ably presented by counsel in briefs and oral argument.

It will be noted that the petition for an appeal from the judgment of the Circuit Court of Cabell County was not filed in this Court until four months and twenty-five days had elapsed after the entry of such judgment. Article 4, Chapter 58, of the Code, was inserted in the Code of 1931 by the Revision and Codification Committee for the express purpose of coordinating all prior legislation relating to appellate procedure from inferior courts to the circuit court. It superseded in particular the provisions of Section 8, Chapter 114-a, of the Code of 1923. The special acts creating courts of limited jurisdiction have generally provided that the appellate procedure on appeals from such courts should be governed by the law and rules relating to appeals from circuit courts to this Court. However, by Chapter 109 of the Acts of the Legislature of 1915, the Court of Common Pleas of Kanawha County was created, and by Section 22 of that chapter it was provided that an appeal or writ of error could be presented directly to this Court in all matters in which it had jurisdiction without first going through the appellate procedure in the Circuit Court of Kanawha County. In *Robinson* v. *Charleston Interurban R. Co.*, 80 W. Va. 290, 92 S. E. 441, this Court held that act to be in conflict with Section 12 of Article VIII of the Constitution of this State in so far as it attempted to permit direct appeals from the Court of Common Pleas of Kanawha County to this Court. Section 4 of Article 4, the title of which is Time for Appeal or Writ of Error, succinctly provides that: "No petition shall be presented to the circuit court or judge for an appeal from, or writ of error or supersedeas to, any judgment, decree or order rendered or made by such court of limited jurisdiction, whether the State be a party thereto or not, which shall have been

rendered or made more than four months before such petition is presented." This Court held in *Elite Laundry Co. v. Dunn*, 126 W. Va. 858, 30 S. E. 2d. 454, that, although the provisions of that section were general, it must prevail over the special law creating the Court of Common Pleas of Kanawha County, and, of course, prevail over any other specific provisions in other acts inconsistent with it. Section 7 of Article 4, in so far as pertinent, provides: "The circuit court or the judge thereof, upon consideration of the petition, shall enter an order granting or refusing it. If the circuit court or judge deems the judgment, decree or order of such court of limited jurisdiction to be plainly right, and rejects it on that ground, * * *, no further petition shall afterwards be presented to the circuit court or judge for the same purpose; but in any case where the circuit court or judge rejects the petition, the petition and order of rejection, together with the record of the cause, may, *within four months* from the date of the order of rejection, be presented to the supreme court of appeals * * *." (Italics supplied.)

The language seems clear enough, and this Court so held in *State v. Davidson*, 134 W. Va. 328, 59 S. E. 2d. 469, in sustaining a motion of the State to dismiss, as improvidently awarded, a writ of error and supersedeas to the judgment of the Circuit Court of McDowell County rejecting a petition for writ of error and supersedeas to a judgment of the Criminal Court of McDowell County, which judgment of the Circuit Court was entered more than four months before the petition for writ of error and supersedeas was filed in this Court. In the opinion, the Court said: "We believe it also clear that, where a circuit court has rejected such a petition from a court of record of limited jurisdiction, the time for filing a petition in this court for an appeal from, or writ of error or supersedeas to, the order of rejection, is limited to four months. * * *" While Section 7 applies to cases in which the circuit court, or judge thereof, *rejects* a petition for an appeal, writ of error or supersedeas, to the action of a court of limited jurisdiction, Section 17 applies to

cases wherein the circuit court, or judge thereof, *allows* such petition. Perhaps the section should be quoted in its entirety: "The circuit court, where an appeal, writ of error or supersedeas has been allowed by such court or the judge thereof in vacation, shall, upon the hearing thereof, affirm such judgment, decree or order if there be no error therein prejudicial to the appellant, or reverse the same in whole or in part if erroneous; and, if reversed, the circuit court may enter such judgment, decree or order as the court of limited jurisdiction should have entered, or may retain the case for new trial or hearing on further proceedings, or may remand it to the court of limited jurisdiction to be further proceeded in and finally determined. From any action of the circuit court in affirming or reversing any judgment, decree or order of such court of limited jurisdiction, an appeal or writ of error shall lie to the supreme court of appeals." It will be noted that in this section there is no time fixed for an appeal to this Court from a final order of the circuit court. Section 18 provides that the circuit court may reverse the judgment or decree of the court of limited jurisdiction, retain the case for a new trial or hearing on further proceedings in the circuit court, and that the case shall proceed to final judgment, or decree, in the same manner and in the same effect as if it had been originally instituted in the circuit court. Again, there is no four month limitation for applying to this Court for an appeal, writ of error or supersedeas where the circuit court decides to follow the procedure provided for in Section 18.

Article 5 of Chapter 58 is titled Appellate Relief in Supreme Court of Appeals. Section 4 of that Article provides: "No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order, whether the State be a party thereto or not, which shall have been rendered or made more than eight months before such petition is presented."

In *State* v. *Davidson,* 134 W. Va. 328, 59 S. E. 2d. 469, this Court said: "* * * The provisions of Article 5 seem clearly

to relate only to appeals, writs of error and supersedeas from or to 'controversies' heard and decided in a circuit court." That language is based upon Section 1 of Article 5 which reads in part as follows: "A party to a controversy in any circuit court may obtain from the supreme court of appeals, or a judge thereof in vacation, * * *."

It is the decision of this Court upon the preliminary jurisdictional question that all of the pertinent statutory provisions are clear and unambiguous. If a litigant is aggrieved by an order of a circuit court rejecting his petition for appellate relief, he has four months from the date of such order to apply to this Court for relief. However, if the circuit court awards an appeal, writ of error or supersedeas, and affirms or reverses the judgment of the court of limited jurisdiction, or reverses the judgment or decree of the court of limited jurisdiction, and retains the case for further proceedings in the circuit court, then the time in which a petition for a writ of error or appeal may be filed in this Court is eight months in conformity with the provisions of Code, 58-5-4. Where the legislative language is free from ambiguity, its plain meaning must be accepted by the courts without resort to the rules of interpretation or construction. Nor is it within the power of a court to create an ambiguity in a statute, where none exists, for the purpose of reading into it, by means of interpretation or construction, a meaning which is refuted by the clear language of the statute itself.

The appellee relies upon the cases of *In Re Boggs' Estate*, 135 W. Va. 288, 63 S. E. 2d. 497, and *State ex rel. Crouser* v. *Mercer*, 141 W. Va. 691, 92 S. E. 2d. 745, concerning the jurisdictional question presented by this record. It is true that in the opinion in the *Boggs* case there is this statement: "Code, 58-4-7, dealing with 'appeals' from courts of record of limited jurisdiction provides that a petition to this Court must be presented within four months from the date of the judgment, decree or order of the Circuit Court; and such was the holding of this Court in *State* v. *Davidson*, 134 W. Va. 328, 59 S. E. 2d 469." However,

the issue before the Court in that case was where, under the provisions of Code, 58-3-6, an appeal from an order of the county court is refused by the circuit court, the aggrieved party has four or eight months within which to apply to this Court for appeal from such order. It was held that the eight month provision was not affected by the provisions of Code, 58-4-7. Therefore, the language used in the opinion was not necessary to the decision of that case. However, in the *Mercer* case, the 4th Syllabus point reads: "A judgment of a circuit court, setting aside a verdict and reversing a judgment of a court of limited jurisdiction, upon writ of error in a bastardy proceeding, and remanding the proceeding to such court for a new trial, is subject to review upon writ of error from this Court if such writ of error is applied for or perfected within four months from the date of the entry of the judgment of the circuit court; but such judgment can not be considered or disturbed upon a writ of error from this Court to a subsequent judgment of the circuit court denying a writ of error to a final judgment of the court of limited jurisdiction, entered after the remand of the proceeding, which quashed the warrant in such proceeding on the ground that it was insufficient in law and dismissed the proceeding, and which writ of error from this Court was perfected within four months from the entry of the judgment of the circuit court denying a writ of error to the final judgment of the court of limited jurisdiction but was not applied for or perfected within four months from the entry of the prior judgment of the circuit court which set aside the verdict and remanded the proceeding for a new trial." In that case, the writ of error and supersedeas of the Circuit Court of Marion County to the judgment of the Criminal Court of that county was granted on June 16, 1952; on January 8, 1954, the circuit court set aside the verdict of the jury, awarded the defendant a new trial, and remanded the case to the Criminal Court for that purpose; there was no application to this Court for writ of error to the January 8, 1954, judgment of the Circuit Court, and after retrial in the Criminal Court, the Cir-

cuit Court, on April 5, 1955, rejected the application of the State for a writ of error and supersedeas; and, on June 4, 1955, this Court granted a writ of error to the April 5, 1955, order of the Circuit Court. It was correctly stated in the opinion that upon the writ this Court could only review the action of the Criminal Court after the case was remanded to it by the Circuit Court, inasmuch as there was no application to this Court for a writ of error to the order of January 8, 1954, of the Circuit Court of Marion County. The 4th Syllabus point of the *Mercer* case is expressly overruled in so far as it is in conflict with the decision of the Court in the instant case.

Thus having resolved the jurisdictional question in favor of the appellant, we turn to the consideration of the merits of the case. The prayer of the bill for divorce has been quoted earlier in this opinion. However, by carefully scrutinizing the body of the bill, it is apparent that there are no allegations therein with regard to some of the matters for which relief is sought in the prayer. There is no reference in the bill to any personal property of either of the parties. The furniture is not mentioned, nor is the automobile. There is no allegation as to the ownership of the residence, except the allegation that the plaintiff "and the infant children of the parties have no place to go and that she is still residing at 2453 Collis Avenue, Huntington, West Virginia; that she has asked the defendant to leave but he has refused; that she has divorced herself from all marital relations with the defendant." It is true that the defendant in his testimony stated that the residence at that address was "jointly" owned by him and his wife, and the record shows that there is still owing upon such property the sum of $2,900.00. The decree of the Domestic Relations Court of Cabell County provides that the plaintiff and the infant children shall have "exclusive use of that certain dwelling house located at 2453 Collis Avenue, Huntington, West Virginia, the house being owned jointly by both parties.", and we find that such is supported by the bill and the evidence adduced at the

hearing. This decree does not, as contended by counsel for the appellant, give a life estate in the property to the wife. Furthermore, there is no error in the decree in granting a divorce to the wife, giving her custody of the children, and requiring the defendant to make the payments heretofore stated, including the sum of $36.00 a month, by way of alimony and support and maintenance of the children, upon the indebtedness against the house occupied by both parties prior to their separation.

The 3rd Syllabus point in *Wood* v. *Wood*, 126 W. Va. 189, 28 S. E. 2d. 423, reads as follows: "In order that a party to a divorce suit may be awarded therein 'whatever of his or her property, real or personal, may be in the possession, or under the control, or in the name, of the other,' (Code, 48-2-19) the party seeking such relief must by pleading lay a basis therefor by showing a reasonable description of the property, his or her ownership thereof or right thereto and the possession, control or title in the other party, and praying, either specially or generally, for the relief sought." Inasmuch as there was no reference whatever to the automobile, the household items, or any other personal property in the bill of complaint, we are constrained to hold that the Domestic Relations Court of Cabell County committed reversible error in awarding the automobile and the household furnishings to the plaintiff as her sole property. *Selvy* v. *Selvy*, 115 W. Va. 338, 177 S. E. 437. This decision is based upon the pleadings alone, and for that reason it becomes unnecessary to discuss the more fundamental question of whether a court having jurisdiction of divorce suits has the authority, under the law of this State, to give the property of one spouse to the other, or "make any order or decree concerning the estate of the parties", except an order or decree relating to alimony or the custody and maintenance of the children as provided by Code, 48-2-15, as amended.

For the reasons herein stated, the judgments of the Circuit Court of Cabell County and the Domestic Relations Court of Cabell County are reversed in so far as

they provide for the awarding to the wife, as her sole property, the automobile and the household items located in the residence at 2453 Collis Avenue, and in all other respects, the judgments of those courts are affirmed.

*Reversed in part; affirmed in part; and remanded.*