Charles PATTERSON, Petitioner,

v.

Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.

No. C–67–96–E.

United States District Court
N. D. West Virginia.

Dec. 6, 1967.

No appearance for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

## MEMORANDUM

MAXWELL, Chief Judge.

The Petitioner, Charles Patterson, is now serving a life sentence in the West Virginia Penitentiary following his conviction under the Habitual Criminal Act. The life sentence was imposed on June 12, 1964, by the Intermediate Court of Kanawha County, West Virginia. The Petitioner seeks Federal habeas corpus relief in this Court.

The Petitioner asserts the following. four grounds, as basis for relief:

"(1) Denied due process and equal protection of the laws.[1]   (2) Deprived of the effective assistance of counsel. (3) Deprived statutory right to apply for writ of error, and consequently, deprived of any possibility of ever having a review of errors of the trial. (4) Deprived of constitutional right to be informed of full consequences of the the (sic) charges prior to initial trial for breaking and entering."

As the factual basis for the first ground Petitioner states:

"Non-compliance with Ch. 61, Art. 11, Secs. 18 and 19, West Va.Code, in that conviction upon principal charge was obtained in January Term 1964, while the conviction as habitual criminal was obtained in April, 1964 Term of said Court."

---

1. Although the Petitioner does not state in what manner he was denied equal protection of the laws, it may be assumed he was referring to the manner in which the recidivist statute is applied to some persons and not to others. This contention was considered and rejected in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

Section 18 of the West Virginia Code, referred to by the Petitioner, sets forth the punishment for second or third offenses of a felony and section 19 refers to the procedure to be followed under the Habitual Criminal Act.[2]

The West Virginia Supreme Court of Appeals has held "that the provisions of the habitual criminal statute are mandatory and must be fully complied with." State ex rel. Albright v. Boles, 149 W.Va. 561, 563, 142 S.E.2d 725, 726 (1965).

West Virginia's Supreme Court of Appeals has held that recidivist sentences obtained under the State's Habitual Criminal Act are void if the information is not filed during the term of court in which the conviction, on the substantive offense, is obtained.[3] That Court has also held that the statute was not complied with when the information was filed during the same term as the conviction but when the prisoner was not confronted with the charge until a subsequent term of court.[4]

In the immediate case, the information was filed by the prosecuting attorney on April 4, 1964, during the same term as the conviction on the substantive offense, and before sentencing,[5] and the defendant was confronted with the charges in the information during the same term.[6] When the defendant was confronted with the recidivist charge he stood silent and the State court trial judge set the matter

---

2. § 61-11-19. Procedure in trial of persons for second or third offense.

It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledged in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen [§ 61-11-18] of this article on a second or third conviction as the case may be.

* * * W.Va.Code, 61-11-19 (Michie 1966).

3. State ex rel. Albright v. Boles, 149 W.Va. 561, 142 S.E.2d 725 (1965); State ex rel. Housden v. Adams, 143 W.Va. 601, 103 S.E.2d 873 (1958).

4. State ex rel. Bonnette v. Boles, 148 W.Va. 649, 136 S.E.2d 873 (1964); State ex rel. Foster v. Boles, 147 W.Va. 655, 130 S.E.2d 111 (1963).

5. Respondent's Exhibit No. 30, a certified copy of an order entered April 4, 1964, by the Intermediate Court of Kanawha County.

"On the 4th day of April, 1964, and during the January 1964 Term of the Intermediate Court of Kanawha County, comes * * * her prosecuting Attorney * * * and presents an information against a convict and felon, Charles Patterson * * *

The Court upon perceiving that the said Charles Patterson has not been sentenced on the felony conviction presently pending against him in this court and upon inspecting the information presented by the said Charles M. Walker, does hereby ORDER, ADJUDGE and DECREE that the said information be received and filed.

6. Respondent's Exhibit No. 31, a certified copy of an order entered April 4, 1964, by the Intermediate Court of Kanawha County.

"Charles Patterson, was this day set to the bar in the custody of the Sheriff, and thereupon for plea in this behalf the defendant in proper person and by William L. Lonesome, his counsel, stood silent."

for trial on April 10, 1964. That date was also in the January term of court.

The Petitioner here appeared in State trial court on April 10, 1964, and, upon his motion, the court granted a continuance until the first day of the April Term, 1964.[7]

On May 19, 1964, during the April Term of court, a jury was impanelled to hear the matter, upon the information earlier filed under the Habitual Criminal Act. The jury found the defendant to be the person named in the information and on June 12, 1964, the court sentenced Charles Patterson to life imprisonment, the statutory penalty provided in section 61–11–18 of the West Virginia Code.

The issue is, therefore, whether the trial on the information must be conducted during the same term of court as the conviction on the substantive offense, the filing of the information, and the confrontation with the charges contained in the information.

This Court does not believe that a reasonable reading of the statute requires trial at the same term of court. While the statute is clear as to the time of the filing and that the person must be brought before the court during the same term, it is silent as to the time a trial must be held on the information. It provided only, "Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, * * * shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records."

While one could argue that the term requirements of the first sentence as quoted carries forward, by implication, to the next sentence, this Court does not believe that this is the correct interpretation. The reasons that require an information to be filed within the same term of court as conviction on the principal charge would not appear to exist for the jury determination under the Habitual Criminal Act information. In addition, there may be good administrative reasons for not having the jury trial at the same term. It should be noted most strongly that it may be to the defendant's advantage to have an entirely new panel of jurors hear the case on the recidivist information, rather than utilize any members of the panel of jurors who convicted him of the substantive offense.[8]

In State ex rel. Housden v. Adams, 143 W.Va. 601, 103 S.E.2d 873, 877 (1958), the court stated, "The procedures required for the filing of the information and identification, *if then possible*, of the convicted person, as hereinabove discussed, may be properly carried out at the same term in which the person was convicted * * * *" This statement, from a case in which relief was granted for failure to file the information at the same term of court, indicates the identification may be delayed until another term. Also in Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), the Court, in discussing the West Virginia Habitual Criminal procedure, suggested the seeking of a continuance where the defendant wants time to prepare a defense to the information filed under the Habitual Criminal Act. This is what the defendant did in the instant case.

---

7. Respondent's Exhibit No. 33, a certified copy of an order entered April 10, 1964, by the Intermediate Court of Kanawha County.

8. While it may be to the defendant's advantage to have a new panel of jurors hear the case on the information there is clearly no constitutional deprivation of a person's rights where the trial on the

information is during the same term of court. The court in Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), has, in fact, sustained a one-stage recidivist trial, where prior offenses are submitted to the same jury which is determining guilt or innocence, for the purpose of determining the sentence, if the defendant is found guilty.

Therefore, as to the Petitioner's first ground for relief, this Court finds compliance with the requirements set forth in the Habitual Criminal Act.

■ Petitioner's next two allegations can be treated together since they each claim ineffective assistance of counsel resulting from the alleged failure to follow prescribed necessary procedure to secure an appeal. Certified copies of various court orders filed by the Respondent show that the Petitioner, while well meaning, is misinformed in this claim. The record shows that the defendant's counsel appealed his conviction to the Circuit Court of Kanawha County and that on November 10, 1964, the Circuit Court entered an order denying the writ of error and supersedeas sought by the Petitioner.[9] The adverse ruling by the Circuit Court was appealed to the West Virginia Supreme Court of Appeals and again the writs were refused.[10]

As the Petitioner points out in his rebuttal to Respondent's answer to the order to show cause, the date of the filing of the appeal in the Supreme Court of Appeals, March 8, 1965, was more than 8 months after the entry of the life sentence by the Intermediate Court of Kanawha County. However, since the judgment was entered by a court of limited jurisdiction, a different statutory appeal time applies from that set forth in West Virginia Code Section 58–5–4.

The time period for an appeal from a court of limited jurisdiction to the Circuit Court is set forth in West Virginia Code:

§ 58–4–4. Time for appeal or writ of error; notice of intent to file petition in criminal cases to be filed with clerk stating grounds.

No petition shall be presented to the circuit court or judge for an appeal from, or writ of error or supersedeas to, any judgment,[11] decree or order rendered or made by such court of limited jurisdiction, whether the State be a party thereto or not, which shall have been rendered or made more than four months before such petition is presented.[12]

In criminal cases no petition for appeal or writ of error shall be presented unless a notice of intent to file such petition shall have been filed with the clerk of the court in which the judgment was entered within sixty days after such judgment was entered. The notice shall fairly state the grounds for the petition without restricting the right to assign additional grounds in the petition. (1931 Code, § 58–4–4; 1965, c. 9).

If the appeal is rejected[13] by the Circuit Court, the party has four months from that date to appeal to the Supreme Court of Appeals. West Virginia Code provision 58–4–7 reads in part:

§ 58–4–7. Order showing action of circuit court on petition; second petition; applica-

---

9. Respondent's Exhibit No. 46, a certified copy of an order entered November 10, 1964, by the Circuit Court of Kanawha County.

10. Respondent's Exhibit No. 48, a certified copy of an order entered by the Supreme Court of Appeals on April 12, 1964.

11. "The sentence to life imprisonment * * * constituted the final judgment of the trial court and the four months appeal period commenced to run as of that date." State ex rel. Thompson v. Boles, 151 S.E.2d 112, 114 (1966).

12. See State ex rel. Davis v. Boles, W. Va., 151 S.E.2d 110 (1966).

13. "If a litigant is aggrieved by an order of a circuit court rejecting his petition for appellate relief, he has four months from the date of such order to apply to this Court for relief. However, if the circuit court awards an appeal, writ of error or supersedeas, and affirms or reverses the judgment of the court of limited jurisdiction, or reverses the judgment or decree of the court of limited jurisdiction, and retains the case for further proceedings in the circuit court, then the time in which a petition for a writ of error or appeal may be filed in this Court is eight months in conformity with the provisions of Code, 58–5–4." Kinsey v. Kinsey, 143 W.Va. 574, 103 S.E.2d 409, 412 (1958).

tion to supreme court of appeals or judge thereof.

The circuit court or the judge thereof, upon consideration of the petition, shall enter an order granting or refusing it. If the circuit court or judge deems the judgment, decree or order of such court of limited jurisdiction to be plainly right, and rejects it on that ground, and the order of rejection so states, no further petition shall afterwards be presented to the circuit court or judge for the same purpose; but in any case where the circuit court or judge rejects the petition, the petition and order of rejection, together with the record of the cause, may, within four months from the date of the order of rejection, be presented to the supreme court of appeals, or any judge thereof in vacation, for an appeal from, or writ of error or supersedeas to, such order of rejection, and, if allowed, the same proceedings may be had thereon as if the same were a petition originally from the circuit court of such county to the supreme court of appeals.[14]

The record shows that the sentence was entered on June 12, 1964; that the petition was presented to the Circuit Court on October 9, 1964; that the refusal by the Circuit Court occurred on November 10, 1964; [15] and this rejection was appealed to the Supreme Court of Appeals on March 8, 1965. Both of these appeals were obviously within the required four months.

The Petitioner states in his rebuttal that he did not receive copies of the exhibits submitted by the Respondent. Although it is the usual practice of the Respondent to submit copies of the exhibits to the petitioner, the large number of exhibits (49) is probably responsible for the making and filing of only one copy here. While this Court believes the better procedure is for the Respondent to supply the petitioner with copies of exhibits, the Court can conceive of no prejudice in this case by the failure to do so. The factual matters essential to this ruling are not disputable, and after the basic facts are established the rest is solely an application of appropriate law.

Therefore upon the record now before this court, in the form of certified copies of court orders, this Court can dismiss the second and third allegations.

■ The Petitioner's last claim is that he was "Deprived of constitutional right to be informed of full consequences of the the (sic) charges prior to initial trial for breaking and entering." On this point the United States Supreme Court has stated: "If West Virginia chooses to handle the matter as two separate proceedings, due process does not require advance notice that the trial on the substantive offense will be followed by an habitual criminal proceeding." Oyler v. Boles, 368 U.S. 448, 452, 82 S.Ct. 501, 504, 7 L.Ed.2d 446 (1962).[16]

14. See State v. Davidson, 134 W.Va. 328, 59 S.E.2d 469 (1950).

15. "It is perfectly plain that 'in any case where the circuit court or judge thereof rejects the petition,' whether stated to be because the judgment of the inferior tribunal is deemed to be plainly right or not, an application can be made to this court for a writ of error to the judgment of the circuit court." State v. Corbin, 117 W.Va. 241, 244, 186 S.E. 179, 180 (1936).

16. See also State ex rel. Mount v. Boles, 147 W.Va. 152, 126 S.E.2d 393 (1962); State v. Blankenship, 137 W.Va. 19, 69 S.E.2d 398 (1952).